**BOSTON SAFE DEPOSIT AND TRUST COMPANY, Plaintiff,**

v.

**W. Shellman MORSE, Defendant.**

**No. 91 Civ. 2293 (MBM).**

United States District Court, S.D. New York.

Dec. 26, 1991.

**348**

Peter H. Stolzar, Otterbourg, Steindler, Houston & Rosen, P.C., New York City, for plaintiff.

Martin S. Siegel, Robert S. Herbst, Berlack, Israels & Liberman, New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

Defendant W. Shellman Morse moves pursuant to Fed.R.Civ.P. 12(b)(2), (3) and (5) to dismiss the complaint filed by plaintiff Boston Safe Deposit and Trust Company ("BSDT") claiming that: 1) the court lacks personal jurisdiction over him; 2) service of process was insufficient; and 3) the Southern District of New York is not the proper venue. For the reasons set forth below, the motion is denied.

### I.

On or about May 6, 1988, Morse executed a Demand Loan Note ("Note") in the amount of $550,000 in favor of BSDT. Plaintiff claims that defendant defaulted on repayment of the Note, and accordingly BSDT commenced this action on April 3, 1991.

Initially, I must determine whether this Court has personal jurisdiction over the defendant. In a case based on diversity of citizenship, federal courts apply the law of the forum state to determine whether to exercise personal jurisdiction over a defendant. *United States v. First National City Bank,* 379 U.S. 378, 381–82, 85 S.Ct. 528, 530–31, 13 L.Ed.2d 365 (1965); *Hoffritz For Cutlery, Inc. v. Amajac, Ltd,* 763 F.2d 55, 57 (2d Cir.1985); *Arrowsmith v. United Press International,* 320 F.2d 219, 233 (2d Cir.1963) (en banc). A defendant who is a New York domiciliary is subject to the jurisdiction of New York courts no matter how he or she is served with process. *See* N.Y.Civ.Prac.L. & R 301, 313 (McKinney 1990). Any service of process on a domiciliary that is reasonably calculated to provide actual notice is constitutionally sufficient to confer jurisdiction. *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940).

For purposes of diversity jurisdiction, a citizen has only one domicile, regardless of the number of residences that citizen maintains. *Williamson v. Osenton,* 232 U.S. 619, 625, 34 S.Ct. 442, 443, 58 L.Ed. 758 (1914); *Willis v. Westin Hotel Co.,* 651 F.Supp. 598, 601 (S.D.N.Y.1986); *Yonofsky v. Wernick,* 362 F.Supp. 1005, 1016 (S.D.N.Y.1973); 1 J. Moore, *Moore's Federal Practice* ¶ 0.74 (2d ed. 1991). Because domicile would provide the only basis for personal jurisdiction over Morse in this action, the only relevant inquiry is whether the defendant is a domiciliary of New York.

Affidavits and other supporting materials may establish jurisdiction. *Marine Midland Bank N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981). These documents should be construed in the light most favorable to the plaintiff. *Hoffritz for Cutlery, Inc.,* 763 F.2d at 57; *Beacon Enterprises, Inc., v. Menzies,* 715 F.2d 757, 768 (2d Cir.1983); *Marine Midland Bank N.A.,* 664 F.2d at 904. As a result, to defeat Morse's motion to dismiss for lack of personal jurisdiction, BSDT need only establish a *prima facie* showing of jurisdiction. *Beacon Enterprises, Inc.,* 715 F.2d at 768; *Cavalier Label Co. v. Polytam Ltd.,* 687 F.Supp. 872, 875 (S.D.N.Y.1988).

Defendant claims that this court lacks personal jurisdiction over him because he changed his domicile from New York, where he resided when he executed the

Note, to Colorado. (Morse Aff. ¶ 2) A party alleging a change of domicile must establish two elements: "[r]esidence in fact, coupled with the purpose to make the place of residence one's home." *Texas v. Florida*, 306 U.S. 398, 424, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939); *Mitchell v. United States* 88 U.S. (21 Wall.) 350, 353, 22 L.Ed 584 (1875); *see also Bache Halsey Stuart, Inc. v. Namm*, 446 F.Supp. 692, 694 (S.D.N.Y.1978). Moreover, defendant must prove both elements by clear and convincing evidence, *District of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S.Ct. 303, 309, 86 L.Ed. 329 (1941); *Mitchell*, 88 U.S. (21 Wall.) at 353; *Katz v. Goodyear Tire and Rubber Co.*, 737 F.2d 238, 243 (2d Cir.1984), before he can rebut the presumption that a person retains his old domicile until he acquires a new one. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.1986); *Willis v. Westin Hotel Co.*, 651 F.Supp. at 603.

■ Intent is the crux of the test because physical presence alone in a new location is insufficient to support a change of domicile. This court in *Brignoli v. Balch, Hardy, & Scheinman, Inc*, 696 F.Supp. 37, 41 (S.D.N.Y.1986), found that the following factors were relevant to determining an individual's intent to be domiciled in a particular state:

> where a person resides, whether he owns a home or pays rent ... where his family and personal belongings are located ... where he maintains affiliations with religious and social organizations, where he transacts business and financial matters, where he pays personal taxes, and where he obtains a drivers license.

*See also Farrell v. Ashton*, 1991 WL 29261, *2, 1991 U.S.Dist. Lexis 2331, *2 (S.D.N.Y.1991).

Other jurisdictions have adopted these factors and recognized that additional factors, including voting registration and voting practices, may be relevant. *Lew*, 797 F.2d at 750. No single factor determines one's intent to remain in the state indefinitely. *Id.*

Morse, in his affidavit, states that he has been a domiciliary of Colorado since June 1990. He relies simply on his declaration that he is registered to vote and has paid taxes in Colorado in order to establish his Colorado domicile. (Morse Aff. ¶ 2) However, his affidavit does not include any dates when he actually voted, nor does he append a Colorado state tax return to support his representations. Furthermore, he makes no showing regarding any of the other factors set forth in *Brignoli*, 696 F.Supp. at 41.

■ Voting registration and voting are two different things. *Everett v. Brief* No. 82 Civ. 3153, slip op., 1985 WL 3563 (S.D.N.Y. November 1, 1985). Because the moving party in *Everett* failed to show an existing pattern of voting practices, little weight was given to "voter registration" as evidence of a change of domicile. *Id.* This case resembles *Everett*. Little consideration should be given to Morse's mere registration to vote in Colorado.

■ Plaintiff has submitted several affidavits which contradict defendant's contention that he changed domicile prior to the commencement of this action. Defendant signed a Citibank financial statement on July 27, 1990, dated as of June 30, 1990, which listed his New York address. (DeChristofaro Aff. Exh. A) Morse also signed a certified, return receipt card attached to a letter mailed to his New York address on January 15, 1991. (DeChristofaro Aff. Exh. B) Furthermore, defendant mailed to plaintiff a handwritten letter dated February 27, 1991 on which the return address was his New York apartment. (DeChristofaro Aff. Exh. C) In addition, this letter, postmarked Aspen, Colorado, states that he "ha[s] been travelling ... and will call next week." (*Id.*)

Based on that evidence, plaintiff claims that defendant still resides in New York and is therefore subject to New York jurisdiction. The affidavits must be read in the light most favorable to the plaintiff. *Hoffritz for Cutlery, Inc.*, 763 F.2d at 57, *supra*. If the affidavits are read in that manner, defendant has failed to adduce clear and convincing evidence even of his continuing physical presence in Colorado, let alone of his intent to remain in Colorado

indefinitely. Thus, he has failed to defeat the presumption that he maintains his New York domicile until he establishes a new domicile. Accordingly defendant, must be regarded as a New York domiciliary and his motion to dismiss for lack of personal jurisdiction must be denied.

## II.

■ Defendant claims that service of process is insufficient under Fed.R.Civ.P. 4(d)(1) which requires that if service is effected by leaving process with someone at defendant's dwelling, that person must be of suitable age and discretion. Morse claims that service of process did not comply with either of these conditions. He asserts that the summons and complaint were served upon a housekeeper, Becky Castillo, a part-time employee who speaks limited English. However, Fed.R.Civ.P. 4(c)(2)(C)(i) provides for service of a summons and complaint upon an individual "pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State...."

Section 308(2) of New York's Civil Practice Law and Rules provides in pertinent part:

Personal service upon a natural person shall be máde by any of the following methods: ... 2. by delivering the summons within the state to a person of suitable age and discretion at the ... usual place or abode of the person to be served *and* by either mailing the summons to the persón to be served at his or her last known residence.... N.Y.Civ. Prac.L. & R. 308(2) (McKinney 1990).

Although Fed.R.Civ.P. 4(d)(1) requires that a person other than the defendant served at defendant's dwelling also reside at the premises, Fed.R.Civ.P. 4(c)(2)(C)(i) which permits reliance on CPLR § 308(2), is an alternative to Fed.R.Civ.P. 4(d)(1) for serving of process. *See Orbis Marine Enterprises v. TEC Marine*, 692 F.Supp. 280, 285 (S.D.N.Y.1988). "The general thrust of the authorization in Fed.R.Civ.P. 4(c)(2)(C)(i) ... to use state procedures in making service is to enable a federal court to serve process on any defendant who could be reached by process issuing from a court of the state in which it sits, assuming the requirements of federal subject matter jurisdiction and venue are met." C. Wright & A. Miller, *Federal Practice & Procedure:* Civil § 1115 (2d ed. 1987). Because CPLR § 308(2) permits service on anyone of suitable age and discretion at defendant's residence, it does not matter if the housekeeper did not reside therein.

■ Defendant also claims the housekeeper's limited English deprives her of the discretion to accept process. "Discretion ... [for service of process] denotes ... the capacity and maturity to act wisely and prudently." *City of New York v. Chemical Bank*, 122 Misc.2d 104, 470 N.Y.S.2d 280, 286 (N.Y.Sup.Ct.1983); *see Guccione v. Flynt*, 618 F.Supp. 164, 169 (S.D.N.Y.1985). Defendant has not explained why a person cannot be wise and prudent in a foreign language. Even minimal understanding of the English language should be sufficient for a showing of suitable discretion, if the individual can comprehend the circumstances of service.

■ In any event, both parties acknowledge that the summons and complaint were served at the apartment building on a woman working in defendant's residence as a housekeeper. (*See* McKinnon Aff. ¶ 4 *and* Siegel Aff. ¶ 2) This apartment building was Morse's residence on May 6, 1988, and was equipped with an intercom system. (McKinnon Aff. ¶ 3) The process server "saw three intercom speakers below one large speaker. A nametag and a button were located to the right of each of the three smaller speakers." (*Id.*) He depressed the button that was to the right of the button labelled "W. Shellman Morse," and stated to the man who answered that he had a "delivery for Shellman Morse." (*Id.*) The housekeeper was sent to "pick up the 'delivery.' " (*Id.* at ¶ 4) In addition, the process server asked the housekeeper if Mr. Morse lived at this address and she responded "yes but ... he is not home, I am his housekeeper and I live here." (*Id.*)

Defendant's argument that the house-keeper lacked proper discretion to receive effective service is irrelevant. At a minimum, the man who answered the intercom and instructed housekeeper to receive the delivery clearly did have such discretion; she was acting at least as an extension of that man. Therefore, there is no need to determine whether or not she had the discretion to receive process.

Since plaintiff has complied with service of process under CPLR 308(2) by serving a person of suitable age and discretion and also mailing a copy of the summons and complaint to the defendant, defendant's motion to dismiss for insufficiency of service of process must be denied.

### III.

Morse has failed to rebut the presumption that he has changed his domicile, and must be considered for the purposes of this action a domiciliary of New York. Title 28 U.S.C. § 1391(a) provides in pertinent part:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State...." 28 U.S.C. § 1391(a) (1990).

Once it is decided that defendant is domiciled in this District, the Southern District of New York is an appropriate venue under 28 U.S.C. § 1391(a). Therefore, defendant's motion to dismiss for improper venue is denied.

For the above reasons, the motion to dismiss pursuant to Fed.R.Civ.P. 12(b) is denied in all respects.

SO ORDERED.