Domingo **GUTIERREZ**, Plaintiff,

v.

Bernard **FOX**, Defendant.

No. 96 Civil 5349(SAS).

United States District Court,
S.D. New York.

May 27, 1997.

Jeffrey A. Block, Block & Cleary, L.L.P., New York City, for Plaintiff.

Stuart D. Schwartz, Oshman & Helfenstein, L.L.P., New York City, for Defendant.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

Plaintiff Domingo Gutierrez brought a personal injury action against defendant Bernard Fox arising out of an automobile accident. On July 18, 1996, plaintiff filed the action in the Southern District of New York based on diversity of citizenship. Plaintiff asserted that he was a resident of New Jersey, while defendant was a resident of New York. After a three day jury trial, a verdict was rendered in favor of plaintiff. Based on the testimony at trial, the Court raised the issue of whether complete diversity existed between the two parties. A hearing was held on May 6, 1997, to address this issue. For the reasons stated below, I find that plaintiff and defendant were both citizens of New York at the commencement of this action. As a result, this Court has no jurisdiction over this action.

## I. INTRODUCTION

Before considering the relevant facts, it is my strong assumption that both parties have engaged in deliberate manipulation of the jurisdiction of this Court. In order to invoke this Court's jurisdiction, plaintiff originally asserted that he was domiciled in New Jersey, seeking this federal forum to obtain a speedy resolution of his claim. Defendant, for his part, was all too happy to avoid a New York County jury as opposed to a Southern District of New York jury, which includes New York, Westchester, Orange, Rockland, and Dutchess counties. Although defendant alluded to the jurisdictional issue during trial, he never pressed it. *See* Trial Transcript at 66–68.[1]

---

1. Defendant's cross-examination of plaintiff on this point was as follows:

Q. Mr. Gutierrez, do you stay at 53 Stanton Street [in New York]?

A. Yes, I do.

Q. That is all the time?

A. Yes.

Q. Why do you stay at that location as opposed to your mother's?

A. I choose to live there, sir, because my wife and my daughter lives there, and that's who I'm with.

Q. I understand that, sir. But didn't you testify at your examination before trial that the reason you stayed there was because you wanted to make your commute easier as opposed to the

■ Post-verdict, the landscape has changed. Plaintiff, unhappy with the jury's damages award, now appears to have realized that he was a New York domiciliary in July 1996 when this lawsuit was filed. Plaintiff's counsel asserts that prior to this point in the proceedings, he was unaware of all of the facts relevant to his client's domicile. Defendant, pleased with the jury verdict, no longer intimates that jurisdiction is lacking, but now vigorously argues that plaintiff was domiciled in New Jersey, diversity existed between the parties, and judgment should be entered. While this abuse of the Court's jurisdiction is troubling, the fact remains that the Court cannot exercise jurisdiction by consent, by waiver, or as a sanction. *See Pennsylvania v. Union Gas Co.*, 491 U.S. 1, 26, 109 S.Ct. 2273, 2288, 105 L.Ed.2d 1 (1989).

## II. FACTUAL BACKGROUND

When plaintiff filed this action in July 1996, he alleged that he was a resident of Jersey City, New Jersey. *See* Complaint at ¶ 4. As noted above, plaintiff now maintains that he was domiciled in New York at the time this lawsuit was filed. During his deposition, plaintiff testified that he lived approximately 200 days of the year at an apartment in New York City with his common law wife, Marisol Baez, and their daughter, and the remainder of the year at his mother's home in New Jersey. Deposition of Domingo Gutierrez, dated November 26, 1996, ("Gutierrez Dep.") at 19. From March 18 through October 31, 1996, plaintiff worked in New York, and New York State and City taxes were deducted from his paychecks. *See* Plaintiff's Exhibit ("PX") 2. Plaintiff filed a New York State tax return in 1996, and identified the New York apartment as his residence. *See* PX 5. At the time the action

was filed, plaintiff also maintained a bank account in New York when he filed this action, but not in New Jersey. Transcript of May 6, 1997 Hearing ("Tr.") at 23–24. His primary physician was located in New York. Gutierrez Dep. at 29, 66; Tr. at 23. Plaintiff also applied for unemployment compensation in New York during 1996. Tr. at 27. Interestingly, defendant's insurance carrier sent plaintiff to a New York physician for his post-litigation physical.

On the other hand, plaintiff held a New Jersey driver's license and car registration during 1996, Tr. at 30, although he obtained a New York license in January 1997. Tr. at 36. Plaintiff also gave the New Jersey address as his residence to some of his treating physicians, *id.* at 31–32, although each of these physicians was located in New York. Tr. at 23. Finally, during his deposition, plaintiff stated that he stayed with Ms. Baez in New York during the week as a "convenience for commuting." Gutierrez Dep. at 21.

## III. DISCUSSION

■ Under 28 U.S.C. § 1332(a), a federal court has subject matter jurisdiction over cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant. *See Caterpillar Inc. v. Lewis*, —— U.S. ——, ——, 117 S.Ct. 467, 472, 136 L.Ed.2d 437 (1996). Diversity is determined as of the time the lawsuit was filed. *See Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989). Subject matter jurisdiction cannot be waived by either party and can be raised at any time by either party or on a court's own motion. *See United Food & Commercial Workers Union, Local 919 v. CenterMark*

fact that that is where your wife, common-law wife and kids live?

A. I could rephrase that for you. I was staying at my mother's. But, you see, this is where my wife lives. We share a little problems here and there. That was the reason. I didn't want to specify that to the lawyer. Now we got into a good agreement and that is where I choose to live at.

Q. Sir, again, you said that things got good. When did they get good? When the case was coming up to trial?

A. We had a lot of on and offs before. Now it is much better and she helps me out a lot ...

Q. Were you concerned, sir, at the time that the reason you made those statements about where you live is that this court wouldn't have had jurisdiction over your case otherwise?

A. I don't know nothing about how the court would handle this, sir.

*Properties Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir.1994).

For purposes of diversity, a person's citizenship is determined by his domicile.[2] *See Newman–Green*, 490 U.S. at 828, 109 S.Ct. at 2220–21. Domicile requires two elements: the party's physical presence in the state and the intent to remain in the state indefinitely. *National Artists Management Co. v. Weaving*, 769 F.Supp. 1224, 1227 (S.D.N.Y.1991) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989)). "Domicile has been generally defined as a person's 'home' or permanent base of operation." *National Artists*, 769 F.Supp. at 1227. "Although a person may have more than one residence, [he] may only have one domicile at any one time." *Id.* (citation omitted).

Where there is evidence that the party has more than one residence, a court should focus on the party's intent. *See id.* (citing *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 696 F.Supp. 37, 41 (S.D.N.Y. 1988)). "To ascertain intent, a court must examine the entire course of a person's conduct in order to draw the necessary inferences as to the relevant intent." *Brignoli*, 696 F.Supp. at 41. Thus, a court must look to the "totality of the evidence" to determine a party's domicile, keeping in mind that no single factor is conclusive. *National Artists*, 769 F.Supp. at 1228.

When determining whether a party has the intent to remain indefinitely for purposes of domicile, a court should consider the following factors: voting registration; place of employment; current residence; location of real and personal property; location of spouse and family; driver's license; automobile registration; location of bank account; payment of taxes; tax return address; and location of a person's physician. *See* 3 *Moore's Federal Practice* ¶ 102.36[1] at 102–81 through 86 (3d ed.1997); *See also National Artists*, 769 F.Supp. at 1228 (voting, taxes, property, driver's license, bank accounts, places of business or employment, location of physician); *Boston Safe Deposit & Trust Co. v. Morse*, 779 F.Supp. 347, 349 (S.D.N.Y. 1991) (residence, location of family and personal belongings, transaction of financial and business matters, payment of taxes, driver's license). A party's own statements about his or her intent are relevant; however, they are given only limited weight if they conflict with objective facts that tend to support a contrary intent. *See National Artists*, 769 F.Supp. at 1228.

---

**2.** The question of who bears the burden of proof on this issue is a complicated one. Had diversity been raised in a removal petition or a motion to remand, the party invoking diversity jurisdiction would bear the burden of proof. *See United Food*, 30 F.3d at 301 (party asserting jurisdiction for purposes of removal bears burden of proof); *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979) (on plaintiff's motion to remand, defendant bears burden of showing diversity exists). Although the jurisdictional issue here was raised *sua sponte* by the Court, it is defendant rather than plaintiff who now insists that the citizenship of the parties is diverse.

On the other hand, there is a presumption against change of domicile. Plaintiff implicitly asserts that he changed his domicile from New Jersey to New York, as he had been living with his mother in New Jersey for some time, had a New Jersey driver's license, and had attended high school in New Jersey. *See* Gutierrez Dep. at 4–5. Once a person establishes domicile in a state, that domicile is presumed to continue until a new domicile is established. *Katz v. Goodyear Tire and Rubber Co.*, 737 F.2d 238, 243 (2d Cir.1984). The party seeking to establish a change of domicile bears the burden of proving that change by clear and convincing evidence. *Id.*

In a situation such as this, where the party asserting jurisdiction is not the party alleging a change of domicile, the presumption in favor of an established domicile should have the effect of shifting the burden of production, but not the burden of persuasion. Such burden shifting occurs in the analogous situation where the *plaintiff* invokes diversity of citizenship, but the *defendant* alleges a change of his or her domicile to defeat diversity jurisdiction. *See Willis v. Westin Hotel Co.*, 651 F.Supp. 598, 603 (S.D.N.Y.1986), *aff'd in part, rev'd in part on other grounds*, 884 F.2d 1556 (2d Cir.1989). Thus, plaintiff must present clear and convincing evidence sufficient to withstand a directed verdict on the issue of change of domicile, *see Kubin v. Miller*, 801 F.Supp. 1101, 1110 (S.D.N.Y.1992), while defendant shoulders the ultimate burden of proving that diversity exists. Based on the totality of the evidence, I have no substantial doubt that plaintiff changed his domicile to New York prior to the commencement of this lawsuit. The burden therefore shifts to defendant to prove that diversity in fact did exist between the parties.

 While there is evidence indicating that plaintiff had two residences, objective indicia suggest that plaintiff intended to remain in New York indefinitely at the time this action was filed. Plaintiff lived for the majority of the year in New York with Ms. Baez and their daughter. He worked in New York and paid New York State and New York City taxes. He listed his New York address as his residence on his tax return and for payroll purposes with his employer. His primary physician was located in New York, and he sought medical attention in New York for the injuries sustained in the accident at issue in this case. He maintained a bank account in New York rather than New Jersey.

Plaintiff's statements of his intent, while inconsistent, are not dispositive. Plaintiff stated at the hearing that he made a final decision in January 1997 to live permanently with Ms. Baez and their daughter in New York. *See* Tr. at 28. Although one could infer that prior to January 1997, plaintiff did not intend to remain in New York, plaintiff also testified that throughout 1996, his intent was to live with Ms. Baez in New York. Tr. at 36. Earlier, at his deposition, plaintiff testified that he stayed with Ms. Baez five days a week for convenience. Gutierrez Dep. at 21. However, this statement does not require a finding that plaintiff did not intend to remain in New York indefinitely, whether for ease of commuting or otherwise.

On balance, considering the totality of the evidence, I find that plaintiff intended to remain in New York indefinitely when he filed this lawsuit in July 1996. I therefore conclude that plaintiff was domiciled in New York when this action was filed. Because defendant was also domiciled in New York, the citizenship of the parties was *not* diverse. Accordingly, the Court lacks subject matter jurisdiction and this matter is dismissed without prejudice to refile the action in State court. The Clerk of the Court is directed to close this case.

SO ORDERED.