**Thomas M. HOWZE et al., Plaintiffs,**

v.

**Dale HARTMAN et al., Defendants.**

**No. CIV–2–79–108.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 5, 1980.

Mark D. Slagle, Johnson City, Tenn., for plaintiffs.

Eric D. Christiansen, Greeneville, Tenn., N. R. Coleman, Jr., Greeneville, Tenn., and Jack D. Hodges, Johnson City, Tenn., for defendants.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The undersigned judge has considered *de novo* those portions of the recommendation of a magistrate herein of April 9, 1980 to which timely written objection was made. 28 U.S.C. § 636(b)(1). The question of the state of the citizenship of the plaintiff Mr. Thomas M. Howze is a close one. He, on June 28, 1979, had strong ties with the state of Tennessee as well as with the state of Florida.

Three significant factors, however, tip the scales in favor of his citizenship in Florida: First, it is presumed that Mr. Howze was domiciled in Florida where his wife and family resided. *Broadstone Realty Corp. v. Evans* (D.C.N.Y.1962), 213 F.Supp. 261, 265[4], affirmed (C.A.2d 1966), 367 F.2d 397; *Messick v. Southern Pennsylvania Bus Co.* (D.C.Pa.1945), 59 F.Supp. 799, 800[7]. Secondly, the fact that he votes in Florida (when he votes) raises a presumption of citizenship in that state. *Griffin v. Matthews* (D.C.N.C.1969), 310 F.Supp. 341, 343[7], affirmed (C.A.4th 1970), 423 F.2d 272; *Jardine v. Interhar* (D.C.W.Va.1963), 213 F.Supp. 598, 600[4]. And thirdly, Mr. Howze's established domicile in Florida continued until and unless it was demonstrated

that he acquired a new one.*  *Kaiser v. Loomis* (C.A.6th 1968), 391 F.2d 1007, 1009; *Campbell v. Oliva* (D.C.Tenn.1968), 295 F.Supp. 616, 618[3], reversed on other grounds (C.A.6th 1970), 424 F.2d 1244.

Having considered the record herein as a whole, the Court hereby FINDS that on June 28, 1979 the plaintiff Mr. Thomas M. Howze did not have the intention of remaining in the state of Tennessee permanently or indefinitely despite his possible residency in such state.  Accordingly, on such crucial date, Mr. Howze was domiciled in Florida, and hence, he was a citizen of Florida.  *See Stifel v. Hopkins* (C.A.6th 1973), 477 F.2d 1116, 1120[2].

The recommendation of the magistrate hereby is

ACCEPTED, 28 U.S.C. § 636(b)(1), and the motion of the defendants for a dismissal of this action for lack of the Court's jurisdiction of the subject matter hereby is

DENIED.

---

* The burden was on the movants to have proved that the domicile of Mr. Howze in Florida changed.  *Kaiser v. Loomis, supra*, 391 F.2d at 1010.