833 F.2d 1004
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Hassan ABRISHEMIAN, Plaintiff-Appellee,
v.
Ali R. DARVISHIAN, Defendant-Appellant,
and
Cathy Darvishian, John S. Joannou, Defendants.
 No. 87-2006.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 8, 1987.
Decided: Nov. 13, 1987.
 
 Joseph L. Lyle, Jr., Richard N. Shapiro, Lyle, Siegel, Drescher & Croshaw, P.C. on brief for appellants.
 James R. Treese, Treese & Ruffner, Bahman Z. Lotfi on brief for appellee.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ali R. and Cathy Darvishian appeal from the denial of their motion to dismiss for lack of jurisdiction a fraud and conversion action brought against them. The district court ruled that it had jurisdiction and entered judgment on the jury's verdict finding the Darvishians liable. We affirm.
 
 
 2
 * The Darvishians are both United States citizens. Until January 1984, they lived in Virginia Beach, Virginia, in a home Mrs. Darvishian still owns. In January 1984, Mr. Darvishian accepted a civilian engineering position with the United States Army in West Germany. His wife joined him in June 1984 and accepted a teaching position in a school for United States dependents. Both have since lived in West Germany, visiting the United States infrequently.
 
 
 3
 Hassan Abrishemian, an Iranian citizen, filed suit against the Darvishians in December 1985, charging conversion of property and cash belonging to him. The complaint alleged that jurisdiction was proper under 28 U.S.C. Sec. 1332.
 
 
 4
 In their answer the Darvishians admitted the plaintiff's jurisdictional allegations. At trial, however, they filed a motion to dismiss, claiming that since they were domiciled in West Germany they were not citizens of a state. The district court allowed the case to proceed to trial. While the jury deliberated, the Darvishians offered testimony to support their claim of West German domicile. After the jury's verdict in favor of Abrishemian, the Darvishians renewed their motion to dismiss. The court denied the motion.
 
 II
 
 5
 Under 28 U.S.C. Sec. 1332(a)(2), federal jurisdiction encompasses actions between "citizens of a State and citizens or subjects of a foreign state" where the requisite amount in controversy is present. To be a citizen for diversity purposes, a party must be a citizen of the United States and must be domiciled in one of the states. 13B Wright, Miller & Cooper, Federal Practice and Procedure Sec. 3611, at 507. Since the Darvishians are admittedly United States citizens, the district court's jurisdiction depended upon their domicile at the time of the suit.
 
 
 6
 The record establishes that the Darvishians were domiciled in Virginia prior to 1984. The Darvishians argue, however, that they have since obtained West German domicile and are not subject to diversity jurisdiction. They further argue that the district court improperly shifted the burdens of proof and production of evidence on the issue of jurisdiction.
 
 
 7
 The Darvishians are correct that the burden of proving federal jurisdiction rests on the party seeking to invoke it. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). The Darvishians, however, are subject to the well-established presumption that one's established domicile continues until it is shown to have been changed. Lew v. Moss, 797 F.2d 747, 750 (9th Cir.1986); Holmes v. Sopuch, 639 F.2d 431, 434 (8th Cir.1981). This presumption did not shift to the Darvishians the burden of proving the lack of diversity. It did, however, shift to them the burden of producing some credible evidence to support their claim of West German domicile. Lew, 797 F.2d at 751; 13B Wright, Miller & Cooper Sec. 3611, at 522-25.
 
 
 8
 The Darvishians offered testimony to show West German domicile, but the district court found it "self-serving and without factual merit." This was a finding of fact subject to the "clearly erroneous" standard of review. Lew, 797 F.2d at 750; Holmes, 639 F.2d at 434. We are satisfied that the record supports the district court's conclusion that the Darvishians retained their Virginia domicile. The district court had jurisdiction, and we affirm its denial of the motion to dismiss.
 
 
 9
 AFFIRMED.