15 F.3d 1086
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James V. LOCKARD, Plaintiff-Appellant,
v.
Alma LOCKARD; Douglas Dennett; John Urness, Defendants-Appellees.
 No. 91-36096.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.
Withdrawn May 25, 1993.
Resubmitted Aug. 19, 1993.*
Decided Dec. 27, 1993.
 
 Before: BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Lockard appeals pro se the district court's summary judgment in his tort action against his former spouse and her attorneys. We have jurisdiction under 28 U.S.C. Sec. 1291. We vacate and remand to the district court with instructions to dismiss this action for lack of subject matter jurisdiction.
 
 
 3
 Lockard filed this action on October 16, 1990, alleging subject matter jurisdiction based on diversity. The district court granted summary judgment on the merits for defendants, and Lockard appealed. On appeal, defendants challenged the parties' diversity of citizenship, alleging that the defendants and Lockard were all citizens of Oregon. We remanded to the district court for the limited purpose of determining whether diversity existed. On remand, defendants submitted evidence showing that Lockard was a citizen and resident of Oregon, and Lockard failed to respond with any pleadings or evidence in opposition. The district court found that Lockard was a citizen of Oregon at the time the action was filed and, therefore, that diversity of citizenship was not present.
 
 
 4
 We review de novo the existence of subject matter jurisdiction. Peter Starr Prod. Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir.1986). A challenge to federal subject matter jurisdiction may be raised at any time during the proceedings. Albrecht v. Lund, 845 F.2d 193, 194 (9th Cir.1988). The district court's factual findings on jurisdictional issues are reviewed for clear error. Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir.1989).
 
 
 5
 For diversity jurisdiction to exist in federal district court, an action must be between "citizens of different states." 28 U.S.C. Sec. 1332(a)(1). An individual is a citizen of his or her state of domicile, which is defined as the location where he or she has established a "fixed habitation or abode in a particular place" where he or she intends to remain permanently or indefinitely. Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir.1986) (internal quotation marks and citation omitted). Domicile is determined as of the time the lawsuit is filed. Id. at 750. Among the factors that are relevant to the domicile determination are: current residence, voting registration and practice, driver's license and automobile registration, location of personal and real property, location of bank accounts, location of spouse and family, place of employment and business, and payment of taxes. Id.
 
 
 6
 Here, Lockard sought to assert diversity jurisdiction and thus had the burden of proof. See id. at 749. Lockard claimed to be a citizen of California and used a California mailing address. The California address is that of his mother, Ruth B. Lockard. Lockard had two automobiles registered in Oregon, and renewed their Oregon registrations on March 20, 1990 and September 14, 1991, respectively. Lockard admitted in depositions that he lived in a camper in Eugene, Oregon. At all material times, Lockard maintained an Oregon mailing address. There is no record of James Lockard as a registered voter in the California county in which he claims to reside.
 
 
 7
 Given the evidence showing that Lockard was domiciled in Oregon and Lockard's failure to respond with evidence supporting diversity jurisdiction, we conclude that Lockard is a citizen of Oregon and that diversity jurisdiction is lacking. See id. at 749-50. Accordingly, we vacate the district court's judgment on the merits and remand with instructions for the district court to dismiss this action for lack of federal subject matter jurisdiction.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3