46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Victor James HARROD, Jr., Plaintiff-Appellant,
v.
GLACIER STEEL BUILDINGS, INC.; Tom Sullivan, President;
Jay Kiser, Operations Manager, Defendants-Appellees.
 No. 94-35638.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Victor James Harrod, Jr. appeals pro se the district court's order of dismissal of his defamation action for lack of diversity jurisdiction. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Nike, Inc. v. Comercial Iberica De Exclusivas, 20 F.3d 987, 990 (9th Cir.1994). The district court's factual findings on all jurisdictional issues, however, must be accepted unless clearly erroneous. Id.
 
 
 4
 Harrod contends that the district court erred by determining that at the time the complaint was filed, both Harrod and the defendants were domiciled in Washington and thus, diversity jurisdiction was lacking. This contention lacks merit.
 
 
 5
 Because the torts alleged by Harrod are not federal causes of action, Harrod's only basis for jurisdiction in federal court is the diversity statute, 28 U.S.C. Sec. 1332(a)(1). While state courts are presumed to have jurisdiction to hear and decide any controversies coming before them, Congress has limited federal courts jurisdiction over civil matters. Aldinger v. Howard, 427 U.S. 1, 15 (1976) (in absence of federal court jurisdiction, plaintiff may seek relief "without question in the state courts"). Thus, the party seeking to invoke federal jurisdiction has the burden of proving diversity jurisdiction. Lew v. Moss, 797 F.2d 747, 749 (9th Cir.1986).
 
 
 6
 Here, the defendants moved to dismiss on the ground of lack of diversity jurisdiction. In opposition, Harrod argued that he had relocated temporarily to Washington, but that he intends to return to Alaska after obtaining medical treatment and resolving litigation in Seattle. As evidence that his domicile remains in Alaska, Harrod submitted his Alaska driver's license and voter registration card. After examining the evidence, the district court found that Harrod's domicile was Washington because he had lived in Washington for over one year, and therefore diversity jurisdiction was absent.
 
 
 7
 The courts have created a presumption in favor of an established domicile as against a newly acquired one. Id. at 751. Domicile is evaluated in terms of objective facts, however, and statements of intent are entitled to little weight when in conflict with facts. Id. at 750. Physical presence in a state may be a central factor in determining domicile. See Hendrix v. Naphtal, 971 F.2d 398, 400 n. 3 (9th Cir.1992).
 
 
 8
 Here, Harrod had the burden of proving that when he originally filed his complaint, his state of domicile was Alaska. Lew, 797 F.2d at 749. Given Harrod's lengthy residence in Washington, we conclude that his evidence and statement that he someday intends to return to Alaska is insufficient to render the district court's factual finding that Harrod's domicile was Washington clearly erroneous. Id. Therefore, the district court's dismissal without prejudice for lack of diversity jurisdiction is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3