51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roman Silva SOLOMON, Jr., Plaintiff-Appellant,
v.
Warren CHRISTOPHER, as Secretary of State; Pamela
Covington, as Deputy Secretary of State for
Passport Services, Defendants-Appellees.
 No. 94-15336.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 13, 1995.
Decided March 9, 1995.
 
 Before: Reinhardt, Thompson, Kleinfeld, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 BACKGROUND
 
 2
 On April 7, 1973, Roman Silva Solomon, Jr. relocated to the Commonwealth of the Northern Mariana Islands (CNMI) from the Philippines as an employee of the Micronesian Construction Company. Solomon worked for Micronesian Construction Company from 1973 to 1976, at which time the company went bankrupt and sent its employees back to the Philippines. Solomon did not return to the CNMI until 1979. Since Solomon's return to the CNMI, he has resided there continuously, and he has only travelled to the Philippines for two brief vacations.
 
 
 3
 On July 2, 1993, Solomon applied for a U.S. passport in Saipan, CNMI. The application was denied on the ground that Solomon had not provided sufficient information to evidence his status as a U.S. citizen. Solomon filed suit against the Secretary of State seeking a declaration of U.S. citizenship and the award of a passport. After a bench trial, the district court rendered judgment for the defendants. Solomon timely appealed, and we affirm.
 
 DISCUSSION
 
 4
 Solomon seeks a declaration of citizenship pursuant to section 301(c) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America (hereinafter "Covenant"). This section grants U.S. citizenship to:
 
 
 5
 all persons domiciled in the Northern Mariana Islands on the day preceding the effective date of this Section, who, although not citizens of the Trust Territory of the Pacific Islands, on that date have been domiciled continuously in the Northern Mariana Islands beginning prior to January 1, 1974.[1]
 
 
 6
 Covenant Sec. 301(c).
 
 
 7
 Solomon claims that he has been continuously domiciled in the CNMI since 1973 when he first moved there for job reasons. He presented evidence on this claim at trial. The United States provided little affirmative evidence of its own, but rather, concentrated on discrediting Solomon's. After the bench trial, the district court issued a written decision stating:
 
 
 8
 The plaintiff has not met his burden of proving to the Court by a preponderance of the evidence that he has been domiciled in the Commonwealth continuously since before January 1, 1974. That is, plaintiff did not prove that he maintained a residence with the intention of continuing such residence for an unlimited or indefinite period, and to which he intended to return whenever he was absent, even for an extended period. Covenant Sec. 1005(e)
 
 
 9
 Section 1005(e) sets forth the definition of "domicile" as used in the Covenant.
 
 
 10
 The determination of a party's domicile is a mixed question of law and fact reviewed under a clearly erroneous standard. Lew v. Moss, 797 F.2d 747, 750 (9th Cir.1986). The district court had ample opportunity to weigh evidence and assess credibility. It is clear from the court's decision that it determined that Solomon failed to establish a domicile in the Northern Mariana Islands and remain continuously domiciled there as required by the Covenant. Moreover, the district court made this determination in express reliance on the applicable law. We believe that the district court applied the correct law and evaluated the evidence in light of the applicable law to reach its conclusions. We do not find its determination to be clearly erroneous. Therefore, we affirm the judgment of the district court.
 
 
 11
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 12
 The district court's opinion is too unclear to allow for adequate appellate review. The majority assumes that the district court correctly applied the law because the court cited the relevant provisions of the Covenant. However, in my view, correct citation does not by itself demonstrate proper application.
 
 
 13
 There was evidence at the trial that Solomon intended to make the CNMI his new domicile beginning in April, 1973. In its opinion, the district court neither commented on nor gave any indication that it had considered that evidence. Rather, the court appeared to concentrate exclusively on Solomon's three-year absence from 1976 to 1979, stating that there was little evidence that Solomon intended to return to the CNMI when he departed in 1976.
 
 
 14
 One's domicile is not lost until another is acquired. See Barber v. Varleta, 199 F.2d 419 (9th Cir.1952). Thus, the absence of a demonstrated intent to return at the time he left the CNMI for the Philippines would not be enough to negate Solomon's claim, unless he had failed to establish a domicile in the CNMI in 1973. It is not clear from the court's opinion whether it made any determination regarding that critical question.
 
 
 15
 I would remand with directions to the court to clarify its findings and conclusions.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The day preceding the effective date of this Section is November 3, 1986. Therefore, under Section 301(c) of the Covenant, those individuals continuously domiciled in the Northern Mariana Islands beginning before January 1, 1974 and lasting through November 3, 1986 automatically became United States citizens on November 4, 1986