**Dale E. FREDERICKS, Plaintiff–Appellant,**

v.

**Allan R. CARPENTER; Ardell Johnson; The Carpenter 427 West 12th Street Family Partnership, Ltd.; Carpenter–Vulquartz Redevelopment Corporation; The Carpenter 1985 Family Partnership, Ltd.; The Marital Community of Allan R. Carpenter and Theodora D. Carpenter, Defendants–Appellees.**

No. 05–15799.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 17, 2007.

Filed May 3, 2007.

---

Andrew E. Westley, Esq., Law Offices of Andrew Westley, San Francisco, CA, David Sturgeon–Garcia, Esq., Law Offices of David Sturgeon–Garcia, Moraga, CA, for Plaintiff–Appellant.

David C. Phillips, Esq., Phillips Erlewine & Given, Jessica B. Rudin, Esq., Long & Levit LLP, San Francisco, CA, Rhonda Smiley, Esq., McDowell Rice Smith & Gaar, Kansas City, MO, for Defendants–Appellees.

Before: D.W. NELSON, CALLAHAN, and BEA, Circuit Judges.

### MEMORANDUM *

Dale E. Fredericks ("Fredericks") appeals the district court's judgment dismissing for lack of diversity jurisdiction his action alleging malicious prosecution in connection with a Nevada state breach of contract action. Defendants Allan R. Carpenter, Ardell Johnson, and various business entities are all citizens of either California or Missouri. Fredericks maintains that he was domiciled in Nevada when he filed suit but the district court determined that he was domiciled in California and consequently the parties were not diverse. Although the district court made several factual and legal errors, we affirm.

"The determination of a party's domicile is a mixed question of law and fact" that we review under the clearly erroneous standard. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.1986). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (citation omitted).

While the district court in its assessment of the objective evidence made both erroneous findings of fact and erred in its assessment of the law,[1] we nonetheless hold that there were several factors that supported the district court's holding that Fredericks had not proven by a preponderance of the evidence that he was domiciled in Nevada. These factors include his wife and mother's continued domicile in California, the registration of Fredericks' car in California, the fact that he continued to be licensed to practice law in California and maintained a law office there, the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. These errors include the district court's findings that:

(1) Fredericks and his wife built their Nevada home in 1999 when in fact the record incontrovertibly shows that they built their home in 1989, (2) there was a presumption in favor of finding spouses to be domiciled in the same location when this Court has never established such a presumption, *see Lew*, 797 F.2d at 750, (3) Fredericks was required to obtain a Nevada driver's license to register to vote when according to Nevada law, he is not so required, *see* Nev.Rev. Stat. § 293.507(4).

618

maintenance of a joint bank account in California without documentary evidence of other bank accounts held in the State of Nevada, and phone records indicating a lack of phone activity at the Nevada home. On the basis of the evidence in the record, there is not enough to support a "definite and firm conviction that a mistake has been committed" by the district court in concluding that Fredericks had not proven he was domiciled in Nevada at the time of filing suit. *Anderson,* 470 U.S. at 573, 105 S.Ct. 1504.

**AFFIRMED.**