Mark BRANON, Plaintiff—Appellant,

v.

Larry DEBUS; et al., Defendants—Appellees.

No. 06–15302.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2007.[*]

Filed Aug. 7, 2008.

Roger S. Hanson, Esq., Mark Branon, Law Offices of Roger S. Hanson, Santa Ana, CA, for Plaintiff–Appellant.

Victoria Orze, Esq., Hinshaw & Culbertson LLP, Martha E. Gibbs, Esq., Robert Arthur Henry, Esq., Snell & Wilmer, LLP, Jennifer Beth Healey, Lerch, McDaniel, Deprima & Kaup, Stephen M. Dichter, Esq., Harper Christian Dicter & Graif PC, Paul W. Holloway, Holloway Odegard Forrest Kelly & Kasparek, P.C., Phoenix, AZ, for Defendants–Appellees.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Plaintiff/Appellant Mark David Branon appeals the district court's dismissal of his claims against Defendants/Appellants Larry Debus, Thomas A. Thinnes, Robert Owens, and Bruce Lowe. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

### I

■ The district court properly dismissed Branon's 42 U.S.C. § 1983 claim. Branon's claims are barred under *Heck v. Humphrey,* 512 U.S. 477, 487–88, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because his underlying conviction has not been reversed or otherwise declared invalid. The Supreme Court recently held that the wrongful denial of the right to be assisted by counsel of one's choice is a structural error which undermines the validity of the criminal proceeding, regardless of harm. *United States v. Gonzalez–Lopez,* 548 U.S. 140, 126 S.Ct. 2557, 2563–2564, 165 L.Ed.2d 409 (2006). *Gonzalez–Lopez* thus clearly establishes that a § 1983 suit for wrongful denial of the right to be assisted by counsel of one's choice—the basis of Branon's complaint—is subject to the *Heck* rule. Because relief would imply the invalidity of his conviction, it is barred by *Heck,* 512 U.S. at 487–88, 114 S.Ct. 2364.

### II

The district court properly dismissed Branon's 42 U.S.C. § 1985 claim on the ground that he failed to allege sufficient facts to support the claim. Section 1985 provides a remedy where defendants have conspired to interfere with the civil rights of another. The statute prohibits three types of conspiracies: (1) a conspiracy to prevent an officer from performing his or her duties, (2) a conspiracy to obstruct justice by intimidating a party, witness, or jury, and (3) a conspiracy to deprive a person of his or her rights or privileges. 42 U.S.C. § 1985. Branon's complaint does not indicate which of these three subsections he relies upon for his claim. The district court noted that this omission is sufficient reason to dismiss the complaint but opted instead to analyze Branon's claim under subsection 3, as the only subsection that potentially correlates with the allegations asserted in his complaint.

■ The Supreme Court has held that to justify relief under subsection 3 of § 1985, there "must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Branon has not alleged that the alleged conspiracy among the defendants was motivated by any race or other class-based discriminatory animus. Accordingly, Branon's § 1985 claim fails on its face and the district court properly dismissed the claim on that basis.

### III

The district court correctly dismissed Branon's final claim—a state law claim of conversion against Debus and Thinnes—on the ground that Branon had not met his burden of demonstrating that diversity jurisdiction exists. To qualify as a citizen of a particular state for the purposes of diversity jurisdiction, a person must be a citizen of the United States and domiciled in the particular state. *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2001). Debus and Thinnes are admittedly citizens of Arizona, and Branon claims to be a citizen of California. At the time he filed his complaint, Branon was incarcerated in Phoenix, Arizona. In support of his claim of California citizenship, Branon submitted a declaration from his attorney, Roger Hanson, a letter from his mother, Dolores B. Branon, and a declaration from himself.[1] These documents all assert that Branon was a citizen of California for many years prior to his incarceration in Arizona. Additionally, Branon's declaration asserts his intent to return to California as soon as he is released from jail in Arizona.

A person's domicile does not necessarily change with a change of residency. A change in domicile requires both a physical presence in the new location and an intent to remain. *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir.1986). Thus, it was certainly possible for Branon to retain his previous domicile while incarcerated in Arizona, if he did not intend to remain in Arizona after his release from jail.

■ However, the party asserting jurisdiction bears the burden of proof if the opposing party files a motion to dismiss based on lack of subject matter jurisdiction. *Lew,* 797 F.2d at 749. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air,* 373 F.3d at 1039 (quotation and citation omitted). The district court concluded that Branon failed to satisfy his burden because he did not "submit

any evidence—such as a drivers license, voter registration card, utility bills, or tax returns—to corroborate [his] self-serving declarations." Where the inquiry is essentially factual, as it was here, we review a district court's determination of a party's domicile for clear error. *Lew,* 797 F.2d at 750. Clear error requires a "definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). The district court's determination that Branon did not submit sufficient evidence to meet his burden of proving diversity jurisdiction did not constitute clear error. Accordingly, we affirm the district court's dismissal of the state claims for lack of subject matter jurisdiction.

**AFFIRMED.**

---

1. In resolving a factual attack on jurisdiction, in which the challenger disputes the truth of the allegations that invoke jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir.2004).