NOT FOR PUBLICATION

FILED



AUG 31 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY DALE JOHNSON, | No. 13-35496 |
| Plaintiff - Appellant, | D.C. No. 6:13-cv-00495-AA |
| v. | |
| OLGA V. JOHNSON, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted August 26, 2015**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Larry Dale Johnson appeals from the district court's dismissal of his case for

lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal district courts may only exercise jurisdiction under 28 U.S.C. § 1332(a)(1) when diversity of citizenship is satisfied. A person's domicile changes when he is both physically present in, and evinces an intention to remain indefinitely in, a different state. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). A person does not lose his old domicile until so acquiring a new one, and "the courts have created a presumption in favor of an established domicile as against a newly acquired one." *Id.* at 750–51. The district court's determination of Johnson's domicile is a mixed question of law and fact that we review under the "clearly erroneous" standard. *Id.* at 750.

Johnson has not established that he is domiciled anywhere but Oregon, his last place of residence before he was incarcerated in Massachusetts. His relocation to Massachusetts was forced, which does little to evince an intent to make it his permanent home. Further, he expressed no intent nor has taken any actions to demonstrate an intent to establish his home there—or anywhere else outside Oregon—after his release. Johnson's statement that he is "an American citizen nonresident of any state" does not further his cause or establish diversity. Therefore, Johnson remains domiciled in Oregon. Because defendant is also a citizen of Oregon, there is no diversity of citizenship. The district court did not err in dismissing the case for lack of subject matter jurisdiction.

**AFFIRMED.**