UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RICHARD THOMAS ARNOLD, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MANU P. MELWANI; ANITA MELWANI; LAWRENCE J. TEKER; THE SUPERIOR COURT OF GUAM; THE SUPREME COURT OF GUAM; ROBERT PAUL KUTZ, I, <br><br> Defendants-Appellees. | No. 13-15443 <br><br> D.C. No. 1:09-cv-00030 <br> District of Guam, <br> Agana <br><br> ORDER |

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

The memorandum disposition filed on December 22, 2016, is amended as follows:

1. On page 2, last line, replace *"Guam Code Ann. tit. 3, § 12121"* with <7 Guam Code Ann. § 3107; Guam Code Ann. tit. 7 § 25102>.

2. On page 4, line 7, replace *"Guam Code Ann. tit. 7 § 12121 states"* with <7 Guam Code Ann. § 25104 provides>.

3. On page 4, line 8-9, replace *"by the judgment of the Superior Court of Guam may appeal therefrom to the"* with <[by a civil action] may appeal." And 7 Guam Code Ann. § 3107 states: "The>.

4.      On page 4, line 9, replace "of Guam[.]" with <shall have authority to review all justiciable controversies and proceedings . . . [and] shall have jurisdiction of all appeals arising from judgments.>

5.      On page 4, line 9, after "1424", insert <; 7 Guam Code Ann. § 25102>.

With these amendments, the petition for rehearing is denied.  Judge N.R. Smith and Judge Christen voted to deny the petition for rehearing en banc, and Judge Clifton so recommended.

The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petitions for rehearing and rehearing en banc are DENIED.  No further petitions for rehearing will be entertained.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 02 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD THOMAS ARNOLD,

         Plaintiff-Appellant,

v.

MANU P. MELWANI; ANITA
MELWANI; LAWRENCE J. TEKER;
THE SUPERIOR COURT OF GUAM;
THE SUPREME COURT OF GUAM;
ROBERT PAUL KUTZ, I,

         Defendants-Appellees.

No. 13-15443

D.C. No. 1:09-cv-00030

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Guam
David A. Ezra, District Judge, Presiding

Submitted December 20, 2016[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Richard Arnold appeals the district court's dismissal of his claims against Manu and Anita Melwani, Lawrence Teker, Robert Paul Kutz, the Superior Court of Guam, the Supreme Court of Guam, and various current and former members of the Guam Judiciary. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court properly dismissed all claims against the Judicial Defendants based on judicial immunity and the *Rooker-Feldman* doctrine. With respect to monetary damages, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he . . . acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)). Here, there is no basis for concluding that the Judicial Defendants were acting in the complete absence of jurisdiction because the Superior Court of Guam is a court of general jurisdiction, Guam Code Ann. tit. 7, §§ 3101, 4101, and the Supreme Court of Guam has jurisdiction to review appeals from judgments of the Superior Court, 7 Guam Code Ann. § 3107; 7 Guam Code Ann. § 25102.

Arnold's multiple counter-arguments are all unavailing. He argues that although the Judicial Defendants enjoy judicial immunity, this "is true for judicial decisions only, not errant administrative decisions." But what he would like to characterize as "errant administrative decisions," are simply the judicial decisions that Arnold asserts improperly occurred in the state-court cases. His argument lacks merit because even "grave procedural errors" do not evidence a complete lack of jurisdiction that would deprive a judge of immunity. *Ashelman*, 793 F.2d at 1077. Similarly, his arguments regarding judicial bias and the duty to recuse highlight actions taken in excess of jurisdiction at best, but do not show a complete lack of jurisdiction. His numerous due process arguments fail for the same reason.

Arnold also appears to argue that "Melwani lacked standing" to appeal the superior court's November 19, 1999, summary judgment ruling in the interpleader action, because Melwani initially sought the funds on the basis of being Arnold's surety but then admitted he was not, in fact, Arnold's surety. Arnold's position seems to be that (because Melwani admits he was never Arnold's surety) Melwani never had an interest in the fund and could not have suffered an injury by GHURA paying the fund to Arnold. He argues this lack of injury equates to a lack of standing to join in the interpleader action or to appeal the ruling in that action. This argument also fails, because (as is evident from the Supreme Court of Guam's

3

opinion on appeal of the interpleader action) Melwani had a legitimate claim to the fund based on an alternate theory. Therefore, Melwani would be injured by the payment of the fund to Arnold, and Melwanie had standing to join the interpleader action and to appeal the district court's adverse ruling. His argument that the Supreme Court of Guam did not have the "Authority or Power" to rule on the underlying appeals because it "was not established constitutionally or had an organic existence," is incorrect. 7 Guam Code Ann. § 25104 provides: "Any party aggrieved [by a civil action] may appeal." And 7 Guam Code Ann. § 3107 states: "The Supreme Court shall have authority to review all justiciable controversies and proceedings . . . [and] shall have jurisdiction of all appeals arising from judgments." *See also* 48 U.S.C. § 1424; 7 Guam Code Ann. § 25102. Accordingly, the Guam Supreme Court did have the power to adjudicate the various appeals from the decisions of the Superior Court of Guam in the underlying cases.

In both his reply brief and in a separate motion for urgent injunctive relief, Arnold requests that the panel order the district court to order the Superior Court of Guam to release $35,000 that it holds in a registry and to recover $428,000 that it released to Melwani. Arnold made a similar request to the district court initially in a motion to stay proceedings pending a prior appeal to this Court. Arnold's request

4

is barred in part by the *Rooker-Feldman* doctrine. To the extent it is not, Arnold has failed to establish that he is entitled to an injunction.

The *Rooker-Feldman* doctrine "bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). *Rooker-Feldman* does not, however, bar actions by non-parties to the state court judgment merely because they were in privity with a state-court loser. *Lance v. Dennis*, 546 U.S. 459, 466 (2006).

In this case, Arnold's request for injunctive relief derives primarily from the Guam Judiciary's actions in the special proceedings case that confirmed the arbitration award. In resolving that case, the Superior Court of Guam disbursed an estimated $428,000 to Melwani. Arnold argues that *Rooker-Feldman* should not bar relief because he was not a named party in the lawsuit that led to the disbursement. But Arnold was a named party in the special proceeding case, so *Rooker-Feldman* properly bars any request for injunctive relief arising therefrom.

To the extent the remaining $35,000 held in the Superior Court of Guam's trust account or the funds that were disbursed to the Melwani defendants as a result

of the arbitration are solely within the scope of the 1996 interpleader action, *Rooker-Feldman* would not apply, because Arnold was not a named party in that action. However, Arnold has not shown that he is entitled to injunctive relief.

A mandatory injunction "orders a responsible party to take action." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (internal quotation marks omitted). Because mandatory injunctions are "particularly disfavored," a litigant "must establish that the law and facts *clearly favor* her position." *Id.* Arnold has failed to carry this heavy burden. He has not advanced any arguments that clearly show that his claims have merit, nor has he shown a likelihood of irreparable harm. Therefore, Arnold is not entitled to an injunction.

With respect to the remaining Defendants, the district court properly dismissed all claims against them based on a lack of diversity jurisdiction. The party invoking diversity jurisdiction bears the burden of demonstrating jurisdiction and must support its claim with "competent proof" by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Here, the record shows that both Arnold and the Melwani Defendants were domiciled in (and citizens of) Guam.

In a previous case in 1998, Arnold invoked diversity jurisdiction in Missouri federal court against a Missouri defendant based on his domicile of Guam. Having established Guam as his domicile in 1998, Arnold had to produce "substantial evidence" to rebut the presumption favoring his previously established domicile. *See Lew v. Moss*, 797 F.2d 747, 752 (9th Cir. 1986) Arnold failed to do so. As the district court noted, by the time Arnold initiated this case in federal court, he had been a resident of Guam for over two years. During that time, Arnold was employed by Able Industries of the Pacific, a Guam corporation. In the previous year's national election, Arnold had voted not by submitting an absentee ballot to the State of Missouri, but by voting in person in Guam. Furthermore, at the time of filing, Arnold had not lived in Missouri since 2002 – and then only for five months. Based on these facts, the district court properly concluded that it did not have subject matter jurisdiction over Arnold's claims against the remaining Defendants.

Arnold argues that Judge Ezra was not properly designated to preside over this case. Arnold is wrong. The district court docket shows that Judge Ezra was properly designated by the Chief Judge of the Ninth Circuit on March 31, 2012.

**AFFIRMED.**