NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN BERMAN,

              Plaintiff-Appellant,

v.

KNIFE RIVER CORPORATION,

              Defendant-Appellee.

No. 14-16874

D.C. No. 5:11-cv-03698-PSG

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding[**]

Submitted April 11, 2017[***]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

John Berman appeals pro se from the district court's judgment following a

jury trial in his diversity action alleging personal injuries sustained in a motorcycle

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

accident.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion.  *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011) (discovery and discovery sanctions); *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010) (admissibility of expert testimony).  We affirm.

The district court did not abuse its discretion by excluding Berman's experts on the ground that Berman failed to provide timely and adequate disclosures.  *See* Fed. R. Civ. P. 26(a)(2) (requirements for expert disclosures); Fed. R. Civ. P. 37(c)(1) (providing for exclusion of evidence where "a party fails to provide information or identify a witness as required by Rule 26(a) . . . unless the failure was substantially justified or is harmless"); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001) (district courts have "particularly wide latitude . . . to issue sanctions under Rule 37(c)(1)" for failure to comply with disclosure obligations).

The district court did not abuse its discretion by imposing discovery sanctions when Berman failed to supplement his responses to interrogatories in response to the district court's order.  *See* Fed. R. Civ. P. 37(b)(2) (sanctions for not obeying court order).

The district court did not abuse its discretion by declining to exclude the

14-16874

testimony of a defense expert because Berman failed to attach the expert's report to his motion and to establish grounds for exclusion. *See* Fed. R. Evid. 702 (governing testimony of expert witnesses).

The district court did not abuse its discretion by denying Berman's motions for reconsideration of evidentiary rulings because Berman failed to demonstrate the required showing for reconsideration. *See* N.D. Cal. L.R. 7-9 (setting forth grounds for reconsideration under the local rules); *Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (abuse of discretion standard for determination of compliance with local rules); *see also Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth grounds for reconsideration under the Federal Rules of Civil Procedure).

Contrary to Berman's contention, the district court did not abuse its discretion by considering the merits of the sanctions motions even though the parties did not meet and confer.

Contrary to Knife River Corporation's contention, the district court did not clearly err in concluding that there was subject matter jurisdiction under 28 U.S.C. § 1332 because at the time of the filing of the lawsuit Berman was domiciled outside of California and the parties were diverse. *See Lew v. Moss*, 797 F.2d 747,

750 (9th Cir. 1986) (setting forth standard of review and explaining that "a person's old domicile is not lost until a new one is acquired"). Berman's position on appeal does not alter this conclusion.

Berman's request for judicial notice (Docket Entry No. 33) is denied.

**AFFIRMED.**