**NOT FOR PUBLICATION**

**FILED**

OCT 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHERIF ANTOUN PHILIPS, M.D., | No. 24-5302 |
| Plaintiff - Appellant, | D.C. No. 1:23-cv-00017 |
| v. | MEMORANDUM* |
| MICHAEL BERMAN; Mr. DANIEL J. BERMAN, | |
| Defendants - Appellees. | |

Appeal from the District Court of Guam
Frances Tydingco-Gatewood, District Judge, Presiding

Submitted August 19, 2025**

Before:    SILVERMAN, HURWITZ, and BADE, Circuit Judges.

Sherif Antoun Philips appeals pro se from the district court's judgment

dismissing for lack of subject matter jurisdiction his action alleging various claims

arising out of prior litigation.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1).

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). We affirm.

The district court properly dismissed Philips's action because Philips failed to satisfy his burden of establishing subject matter jurisdiction. *See* 28 U.S.C. § 1331 (setting forth requirements for federal question jurisdiction); 28 U.S.C. § 1332(a) (setting forth requirements for diversity jurisdiction); *Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1151 (9th Cir. 2017) ("The party asserting jurisdiction bears the burden of establishing subject matter jurisdiction." (citation omitted)); *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) (discussing citizenship for purposes of determining diversity jurisdiction).

To the extent that Philips intended to challenge the district court's order finding sanctions warranted under Federal Rule of Civil Procedure 11, we do not consider this issue because it was not specifically and distinctly raised and argued in the opening brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief.").

Appellees' request for attorney's fees and costs, set forth in the answering brief, is denied without prejudice. *See* Fed. R. App. P. 38 (requiring a separate motion for fees and costs); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 828 (9th Cir. 2009) (a request made in an appellate brief does not satisfy Rule 38).

All other pending motions and requests are denied.

**AFFIRMED.**