Charles John **BARKHORN**, Jr., Appellant,

v.

**ADLIB ASSOCIATES, INC.**, a Nevada corporation, Appellee.

No. 19142.

United States Court of Appeals Ninth Circuit.

May 10, 1965.

See also 225 F.Supp. 474.

Frank D. Padgett, Robertson, Castle & Anthony, Honolulu, Hawaii, for appellant.

Richard K. Sharpless, Lewis, Buck & Saunders, Honolulu, Hawaii, Marvin Osburn, Osburn & Osburn, Los Angeles, Cal., for appellee.

Before CHAMBERS, KOELSCH and BROWNING, Circuit Judges.

CHAMBERS, Circuit Judge:

This is a real estate controversy. Jurisdiction was asserted on the basis of diversity of citizenship.

■ The original complaint alleges: "Plaintiff [Barkhorn] is a citizen of the State of Hawaii, and defendant [Adlib Associates, Inc.] is a corporation organized and existing under the laws of the State of Nevada. The amount in controversy between the parties exceeds $10,-000." The answer of Adlib Associates, Inc., fails to respond to the allegation. Ordinarily, such an omission would stand as a conclusive admission.

The pre-trial order comes no closer to any mention of citizenship than to say that "Adlib Associates, Inc." is "a Nevada Corporation." The trial court's decision says "[p]laintiff is a citizen of the State of Hawaii and defendant is a Nevada corporation." The judgment makes no reference to anyone's citizenship.

■ From the foregoing, it may be seen that there is actually no allegation of diverse citizenship, no stipulation of facts creating it, no finding that it exists, and no judgment of its existence.

But this is not the frequent case of inexact pleading. Here defendant-appellee Adlib Associates, Inc., raised the issue by motion, supplied an affidavit, and took a deposition tending to prove that its (Adlib's) connection with Nevada is only technical, that most of the business of the company is carried on in Hawaii, and that its policies are made under the hat of one of its officers, wherever it may be. And, that is seldom in Nevada.

The allegations, if true, may prove that Hawaii is the principal place of business of Adlib. If this be true (and we make no finding or ruling thereon yet), the 1958 amendment to the diversity section was intended to keep this case out of federal court.[1]

We know that defendant withdrew its contention and decided it was satisfied to try the case in district court, but it did not repudiate the veracity of what it had previously asserted.

■■ Parties cannot confer jurisdiction on a federal court simply by expressing confidence in it.[2] Federal courts are of limited jurisdiction and must always watch the proposition. They are obligated to challenge it on their own motion, if any occasion for doubt arises.

1. 28 U.S.C. § 1332(c) and see Canton v. Angelina Cas. Co., 5 Cir., 279 F.2d 553; Kelly v. United States Steel Corp., 284 F.2d 850.

2. Burkhardt v. Bates, 8 Cir., 296 F.2d 315; Kern v. Standard Oil Co., 8 Cir., 228 F.2d 699.

We know that ofttimes jurisdictional allegations may be patched up in a court of appeals.[3] But here an inquiry needs to be made factually to find the truth.

We have concluded that the case must be remanded for inquiry into the jurisdictional facts. We suggest that the decision with the findings therein and the judgment should be vacated, and that the pleadings and the pre-trial order should be tidied up on the point of jurisdiction. Then after an inquiry into the jurisdictional facts of citizenship of the parties, a new decision and judgment should be entered.

Remanded for proceedings consistent with this opinion.