**Robert H. AMERAULT,**
**Plaintiff–Appellant,**

v.

**INTELCOM SUPPORT SERVICES, INC., a Pennsylvania Corporation, Liberty Mutual Insurance Co., a Massachusetts Corporation, Liberty Mutual Risk Services, a Massachusetts Corporation, Defendants–Appellees.**

No. 00–15420.
D.C. No. CV–99–00098–ARM.

United States Court of Appeals,
Ninth Circuit.

Submitted May 18, 2001 *.

Decided Aug. 3, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, CANBY, and PAEZ, Circuit Judges.

## MEMORANDUM **

Robert Amerault brought suit in district court against his former employer, Intelcom Support Services, Inc., and his employer's insurer, Liberty Mutual Insurance Company, alleging that they had failed properly to provide him with the medical benefits to which he is entitled under the Guam Worker's Compensation Act (WCA), 22 G.C.A. §§ 9101–9145.[1] The district court concluded that the WCA required Amerault to exhaust his administrative remedies before bringing suit in court. Finding that Amerault had failed to do so, the district court dismissed Amerault's action with prejudice. We have jurisdiction under 28 U.S.C. § 1291 to determine whether we have jurisdiction.

In his complaint, Amerault stated that the district court had subject matter jurisdiction under 28 U.S.C. § 1332. A party who invokes the power of a federal court bears the burden of establishing the court's subject matter jurisdiction. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir.1996) (per curiam). "The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Air-*

lines, Inc., 828 F.2d 546, 552 (1987) (internal quotation marks and citation omitted). On its face, Amerault's complaint fails to allege all of the essential elements of diversity jurisdiction.

Section 1332 requires that the amount in controversy exceed the value of $75,000. Amerault's complaint fails to allege any specific amount in controversy. Absent a declaration that the amount in controversy satisfies the requirement of the diversity statute, a district court cannot exercise diversity jurisdiction. *Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400 (9th Cir.1990). Amerault's complaint therefore fails to allege a necessary requirement of diversity jurisdiction.

If the amount-in-controversy requirement is met, the diversity statute provides for jurisdiction over actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a); *see id.* § 1332(d) ("The word "States", as used in this section, includes the Territories . . . ."). For purposes of diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir.1986). "[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at 749–50 (internal quotation marks and citation omitted) (second insertion in original). "In order to be a citizen of a State within

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Cir. R. 36–3.

1. The parties are familiar with the facts of this case. We state only those which are necessary to explain our decision.

the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) (emphasis in original).

Amerault's complaint alleges that Intelcom is a citizen of Pennsylvania and that Liberty Mutual is a citizen of Massachusetts. It further alleges that Amerault is a "citizen of the United States and resident of the Republic of the Philippines." Amerault does not allege in his complaint that he is a citizen or domiciliary of any "state" under § 1332. Therefore, he has failed to allege a second, necessary requirement of diversity jurisdiction.[2]

Because the district court could not properly exercise diversity jurisdiction over Amerault's action, it should not have reached the merits of Amerault's claims. However, it is possible that Amerault could have amended his complaint and remedied the jurisdictional defect. A plaintiff may amend his or her complaint once, as of right, any time prior to the filing of responsive pleadings. Fed. R.Civ.P. 15(a). At the time the district court dismissed Amerault's action, Intelcom and Liberty Mutual had filed only motions to dismiss. A motion to dismiss a complaint is not a responsive pleading. *Miles v. Dep't of Army,* 881 F.2d 777, 781 (9th Cir.1989). Thus Amerault still had the right to amend his complaint when the district court granted Intelcom and Liberty Mutual's motions to dismiss.

We dismiss the appeal for lack of diversity jurisdiction, but direct the district court on remand to allow Amerault the opportunity to amend his complaint to allege the necessary elements of diversity jurisdiction.[3] Of course, the district court may dismiss Amerault's action for lack of jurisdiction should Amerault fail to remedy the jurisdictional defect in his complaint or should it become apparent upon discovery or other proceedings that diversity jurisdiction is lacking.[4]

2. In his opening brief, Amerault asserts that he is "a citizen of Guam USA." This assertion in Amerault's brief is not enough to remedy the fact that Amerault's pleadings lack the necessary allegation. *See Bautista,* 828 F.2d at 552. The evidence in the record would seem to indicate that Amerault has been living in the Philippines since 1995 or 1996. This evidence, combined with Amerault's statement in his complaint (filed with the district court on September 15, 1999) that he is a resident of the Republic of the Philippines, raises a genuine issue as to Amerault's place of domicile.

3. Because we conclude that Amerault failed to allege the necessary elements of diversity jurisdiction in his complaint, we express no opinion as to the merits of his case that he argues on appeal other than to note that plaintiff should consider whether the apparent exclusivity of the workers compensation scheme precludes any claim for relief in federal court.

4. In answer to the order to show cause why the district court should not have dismissed his action for failure to allege the essential elements of diversity jurisdiction, Amerault has filed a motion for leave to amend his complaint and furnished a copy of a proposed amended complaint. "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U .S.C. § 1653. However, the record raises a genuine issue as to whether Amerault is a citizen of Guam. Because the issue of Amerault's domicile is a question of fact, it should be addressed in the first instance by the district court. *Cf. Barkhorn v. Adlib Assocs., Inc.,* 345 F.2d 173, 175 (9th Cir.1965) (declining to allow amendment under § 1653 and remanding to the district court where an inquiry into "jurisdictional facts" was required). Therefore, we deny Amerault's motion requesting that we allow the amendment.

APPEAL DISMISSED; CASE RE-MANDED FOR FURTHER PROCEED-INGS.