**NOT FOR PUBLICATION**

JUL 06 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANGELS ALLIANCE GROUP, LLC, | No. 13-35632 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 3:11-cv-01382-MO |
| RECONTRUST COMPANY, NA; BANK OF AMERICA, NA, successor by merger with BAC Home Loan Servicing, LP, f/k/a Countrywide Home Loans Servicing, NA; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | MEMORANDUM* |
| Defendants - Appellees | |

Appeal from the United States District Court
for the District of Oregon, Portland
Michael W. Mosman, District Judge, Presiding

Argued and Submitted May 4, 2015
Portland, Oregon

Before: FLETCHER and HURWITZ, Circuit Judges, and WALTER, Senior

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

District Judge.**

Angels Alliance Group, LLC ("AAG") appeals the dismissal of its lawsuit challenging a completed nonjudicial foreclosure of real property. In December 2005, Anayansi Sprague ("Sprague") obtained a loan for the purchase price of residential property situated in Milwaukie, Oregon ("the Property"). As security for the loan, Sprague executed a deed of trust, which provided that, in the event of default, the Property would be sold at a nonjudicial foreclosure sale, in accordance with the terms of the Oregon Trust Deed Act, Or. Rev. Stat. §§ 86.705–86.815 ("OTDA").[1] In July 2007, Sprague transferred her interest in the Property, via bargain and sale deed, to AAG, a now-defunct Nevada LLC with a principal place of business in Oregon. Sprague was the sole member of AAG.

The deed of trust delineated the following entities and their respective capacities: (1) Sprague was the "Borrower"; (2) Hyperion Capital Group was the "Lender"; (3) Ticor Title Insurance Company was the "Trustee"; and (4) Mortgage Electronic Recordation Systems, Inc. ("MERS") was the "Beneficiary." MERS later appointed ReconTrust Company, N.A. ("ReconTrust") as successor trustee in

---

** The Honorable Donald E. Walter, Senior United States District Judge for Western Louisiana, sitting by designation.

[1] After this case was filed, the Oregon legislature renumbered most of the statutes within OTDA but made no substantive changes. This memorandum cites to the relevant statutes as they were numbered when the case was filed.

place of Ticor. Thereafter, MERS assigned all of its interests as beneficiary to Bank of America, N.A. In turn, Bank of America assigned its interests to the Federal National Mortgage Association.

On April 6, 2011, ReconTrust, in its capacity as trustee, recorded a "Notice of Default and Election to Sell" in the Clackamas County property records. The notice specified that Sprague had been in default on her loan since June 2008, and that the Property would be sold pursuant to the terms of the deed of trust. Although AAG received timely and proper notice of the proposed foreclosure sale as required by the OTDA, it made no effort to cure the default and did not seek judicial intervention in order to prevent the sale. Accordingly, the sale was completed on August 16, 2011.

After the sale, AAG filed the instant suit to invalidate the foreclosure, arguing that MERS could not be designated as a beneficiary of a deed of trust under Oregon law. Therefore, AAG asserted, MERS could not appoint ReconTrust as a successor trustee or assign the deed of trust to Bank of America, and the recorded documents memorializing these transfers were without effect. As such, AAG argued that the foreclosure was not authorized under the OTDA, because it was commenced without the foreclosing parties' legally valid interests first being recorded, as required under section 86.735(1).

The district court found that the foreclosure was proper under the OTDA and dismissed AAG's claims on the merits. AAG later filed a motion to reconsider, which the court denied. AAG timely appealed.

The OTDA provides that

[i]f, under ORS 86.705 to 86.815, a trustee sells property covered by a trust deed, *the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given . . . or to a person that claims an interest by, through or under the person to which notice was given*. A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale. A failure to give notice to a person entitled to notice does not affect the validity of the sale as to persons that were notified.

Or. Rev. Stat. § 86.770(1) (emphasis added). Based upon the plain language section 86.770(1), the completed trustee sale "foreclosed and terminated" AAG's interests in the Property, such that AAG is now precluded from challenging the sale.

Our analysis is aided by *Mikityuk v. Northwest Trustee Services, Inc.*, 952 F. Supp. 2d 958 (D. Or. 2013), decided shortly after reconsideration was denied in the instant case. *Mikityuk* involved a post-sale challenge, based largely on the role of MERS in the foreclosure process, brought by the grantors of a residential deed of trust. *Id.* at 960–61. After analyzing the legislative history and statutory framework of the OTDA, the *Mikityuk* court held that section 86.770(1) bars post-sale

-4-

challenges by parties to whom proper notice is given, because such a post-sale bar is consistent with the OTDA's purpose of providing lenders an efficient and final remedy against defaulting borrowers. *Id.* at 964–70. In reaching this conclusion, the court emphasized that the OTDA's notice and reinstatement provisions provide ample opportunities for interested parties to attempt to protect their respective interests before the sale takes place.[2] *Id.* at 965–66.

We find the reasoning in *Mikityuk* compelling and its holding equally appropriate in the instant case. AAG received timely and adequate notice of the foreclosure sale. As was the case in *Mikityuk*, AAG's post-sale arguments are based largely on MERS's role as a named beneficiary, and such challenges are not available after the sale takes place. *See* Or. Rev. Stat. § 86.770(1). Rather, a post-sale challenge must be based on lack of notice or on some other fundamental flaw in the foreclosure proceedings, such as the sale being completed without the borrower actually being in default. *See Mikityuk*, 952 F. Supp. 2d at 964. Here, no such circumstances exist. Therefore, AAG's interests in the property were "foreclosed and terminated" when the sale was completed under section 86.770(1),

---

[2] The *Mikityuk* court noted that its reasoning would not limit courts' ability to set aside a trustee's sale "on equitable grounds, or upon any acts of bad faith by the trustee or creditor." 952 F. Supp. 2d at 970 n. 10. However, the court did not find any such circumstances before it, nor did it speculate on when such circumstances might arise.

and, as such, AAG is now precluded from challenging the sale.

**AFFIRMED.**