**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DENNIS O. WOODS; GOLDA J.
WOODS,

        *Plaintiffs-Appellants,*

v.

U.S. BANK N.A., as Trustee for
Harborview Mortgage pass
through certificates, Series 2006-
4; RECONTRUST COMPANY, NA,
        *Defendants-Appellees.*

No. 13-36037

D.C. No.
3:12-cv-01052-BR

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted November 6, 2015
Portland, Oregon

Filed August 3, 2016

Before: Marsha S. Berzon, and Paul J. Watford, Circuit
Judges, and James Alan Soto,[*] District Judge.

Opinion by Judge Soto

---

[*] The Honorable James Alan Soto, United States District Judge for the District of Arizona, sitting by designation.

## SUMMARY[**]

### Oregon Trust Deed Act / Foreclosure

The panel affirmed the district court's dismissal of plaintiff borrowers' amended complaint challenging a completed non-judicial foreclosure sale of residential real property in Clackamas, Oregon because plaintiffs' claims were barred by a provision of the Oregon Trust Deed Act, ORS 86.770(1).

ORS 86.770(1) provides that "[i]f, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given."

The only defect in the foreclosure process identified by plaintiffs had to do with the content of the notice, which included an incorrect listing of the beneficiary in the notice the plaintiffs received.

The panel held that plaintiffs' post-sale claims were barred because their property interests were terminated and foreclosed pursuant to ORS 86.770(1). Specifically, the panel held that technical defects that do not have a substantial impact on grantors' rights – as in this case, where the trustee's sale notice listed the wrong beneficiary – were not significant enough to warrant upsetting the finality of a trustee's sale.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Jeffrey A. Myers (argued) and John Patrick Bowles, Bowles Fernandez Law LLC, Lake Oswego, Oregon, for Plaintiffs-Appellants.

Steven Andrew Ellis (argued), Goodwin Procter LLP, Los Angeles, California; Peter D. Hawkes and Pilar C. French, Lane Powell PC, Portland, Oregon; for Defendants-Appellees.

**OPINION**

SOTO, District Judge:

In this case, two borrowers allege that the notice of non-judicial foreclosure sale required by the Oregon Trust Deed Act ("OTDA") failed to identify the proper beneficiary, and, therefore, the sale of their home was invalid. The district court dismissed the complaint, and we affirm.

**A.**

**I.**

In 2006, Dennis Woods and Golda Woods (hereinafter referred to collectively as "Woods") executed a promissory note ("Note") with Homefield Financial, Inc. ("Homefield"). Pursuant to the Note, Homefield loaned Woods $359,500 to purchase residential real property in Clackamas, Oregon ("Property"). The Note was secured by a deed of trust ("Trust Deed") granting Homefield a security interest in the Property, and the Note was subsequently recorded in

Clackamas County.  The Trust Deed identifies the following parties: Woods as the borrowers; Homefield as the lender; Mortgage Electronic Systems ("MERS") as the beneficiary; and Fidelity National Title as the trustee.

Woods defaulted on the Note in 2008.  In September of 2010, MERS executed an assignment of the Trust Deed to U.S. Bank National Association ("USB"), and recorded the assignment in Clackamas County.    Thereafter, USB appointed ReconTrust Company ("Recon") as successor trustee.  USB executed an assignment of the Trust Deed to BAC Home Loans Servicing, L.P. ("BAC") in May of 2011, recording the assignment in Clackamas County; BAC serviced the loan on behalf of USB.  Later in May of 2011, Recon executed a Notice of Default and Election to Sell, which was recorded, and a Trustee's Notice of Sale, which was published.[1]  The trustee's sale occurred on February 14, 2012, and Recon issued a trustee's deed on the property to Bank of America (for the benefit of the Harborview 2006-4 Trust Fund) which was recorded in Clackamas County on February 24, 2012.

## II.

Approximately four months later, on June 12, 2012, Plaintiffs filed this action against USB and Recon challenging the completed foreclosure sale.  In their initial complaint, Plaintiffs sought a declaratory judgment that the trustee's sale was invalid under the OTDA because several assignments of the Trust Deed that took place prior to the 2010 assignment

---

[1] Appellants have not argued that they failed to receive either notice, that the notices were improperly served on them, or that they had the funds to cure the default prior to the sale.

to USB were never recorded. Those assignments occurred by operation of law when the underlying promissory note was sold between entities. However, subsequent to the filing of Plaintiffs' initial Complaint, the Oregon Supreme Court rejected the argument that the OTDA requires recording of assignments of a trust deed that result by operation of law from the transfer of a secured obligation.[2]  Plaintiffs, therefore, filed an Amended Complaint arguing instead that the completed trustee's sale was void because the Notice of Sale Plaintiffs received did not contain the name of the proper beneficiary.  Defendants moved to dismiss the Amended Complaint for failure to state a claim.  The District Court granted Defendants' motion, holding that ORS 86.770(1)[3] barred Plaintiffs' claims.[4]  Plaintiffs filed a timely appeal challenging the dismissal.

### B.

### I.

The District Court had jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), because the parties were citizens of different states, and the amount in controversy exceeded $75,000.  This Court has jurisdiction pursuant to 28 U.S.C.

---

[2] *See Brandrup v. ReconTrust Co.*, 353 Or. 668, 673–74 (2013).

[3] All statutory references are to the Oregon Revised Statutes in effect in 2012, before the statute was renumbered in 2013.

[4] That statute reads in relevant part that if "a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given . . ." ORS 86.770(1).

§ 1291 because the timely appeal was taken from a final judgment of the district court.

This Court reviews *de novo* a district court's dismissal for failure to state a claim. *See Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). The Court determines whether Plaintiffs pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007); Fed. R. Civ. P. 12(b)(6). "[A] formulaic recitation of the elements of a cause of action will not do," *id.* at 555; "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.

"As we are construing a state statute, our role is to interpret the law as would the [Oregon] Supreme Court." *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 925 (9th Cir. 2004), *cert. denied*, 544 U.S. 948 (2005). A recent decision by that Court provides a roadmap for interpreting the OTDA provisions at issue in this case. *See Brandrup*, 353 Or. at 682–713. "We focus first on the text, context, and any legislative history brought to our attention by the parties that we find useful, and proceed to general maxims of statutory construction if the legislature's intent remains obscure." *Id.* at 682–83.

Oregon Revised Statutes 86.770(1) provides that "[i]f, under ORS 86.705 to 86.795, a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given." This case requires us to determine whether – as Appellants argue – the prefatory clause "if, under ORS 86.705 to 86.795" requires strict compliance with all provisions of the OTDA before terminating grantors' interest in the property sold at a trustee's sale. Certainly, Appellant's interpretation is possible; however, "there are several other reasonable interpretations of when a trustee's sale is 'under ORS 86.705 to 86.795.'" *Mikityuk v. Nw. Tr. Servs., Inc.*, 952 F.Supp.2d 958, 964 (D. Or. 2013). For example, "[a]nother interpretation is that if a trustee utilizes the OTDA to conduct a trustee's sale, the trustee's sale 'forecloses and terminates' the interest of the party receiving notice, despite any errors alleged after-the-fact." *Id.* at 963. "Indeed, there are several other reasonable interpretations [that] fall somewhere in between the interpretations noted above." *Id.* at 964. Because the text of ORS 86.770(1) is ambiguous, we turn next to the context of the provision in the statute as a whole.

Oregon Revised Statutes 86.705 to 86.795 covers the entire OTDA, including substantive provisions and technical provisions with little impact on grantors' rights. For example, ORS 86.755(3) provides that within 10 days of a purchase of real property at a foreclosure sale, the trustee shall execute and deliver the deed to the purchaser. Under an interpretation requiring strict compliance with all provisions, if the deed was delivered eleven days after purchase, the grantor's interest in the property would not be foreclosed and terminated. Likewise, if the trustee received compensation in excess of "50 percent of the compensation allowable to an . . .

administrator under ORS 116.173 or a minimum charge of $100," ORS 86.795, the grantor's interest in the property would not be foreclosed and terminated because the trustee failed strictly to comply with a provision of the OTDA.

However, the OTDA also includes more substantial provisions with greater effect on a grantor's rights. For example, ORS 86.740 details the parties that must receive notice of a trustee's sale, and ORS 86.750 details the process by which those parties must be served. These provisions together play an important part in ensuring that an interested party receives sufficient notice before his interest in a property is terminated. Likewise, ORS 86.735(2) sets an absolute requirement "that there must be a default on an obligation secured by a deed of trust in order for the trustee to conduct a non-judicial foreclos[ure] sale." *Mikityuk*, 952 F.Supp.2d at 964.

Comparing the range of impact these provisions have on grantors' rights suggests a more nuanced approach to understanding the OTDA. For example, allowing a grantor who did not receive notice of a trustee's sale pursuant to ORS 86.750 to challenge that sale after it has occurred protects important rights, while allowing a post-sale challenge because a trustee received faulty compensation in violation of ORS 86.795 undercuts the benefit of finality while not vindicating important rights. A uniform strict compliance approach would treat alike violations of substantive and of technical provisions.

Additionally, reading ORS 86.770(1) in the context of the OTDA suggests that the drafters used the phrase "ORS 86.705 to 86.795" throughout the statute to refer to the OTDA provisions as a whole rather than to require strict compliance

with each particular provision. For example, ORS 86.705 provides definitions of terms "[a]s used in ORS 86.705 to 86.795." Likewise, ORS 86.710 provides in full that

> Transfers in trust of an interest in real property may be made to secure the performance of an obligation of a grantor, or any other person named in the deed, to a beneficiary. Where any transfer in trust of an interest in real property is made **pursuant to the provisions of ORS 86.705 to 86.795** to secure the performance of an obligation, a power of sale is conferred upon the trustee. The power of sale may be exercised after a breach of the obligation for which the transfer is security; and a trust deed, executed **in conformity with ORS 86.705 to 86.795**, may be foreclosed by advertisement and sale **in the manner provided in ORS 86.705 to 86.795**, or, at the option of the beneficiary, may be foreclosed by the beneficiary as provided by law for the foreclosure of mortgages on real property.

ORS 86.710 (emphasis added). In addition, ORS 86.715 states in part that a "trust deed is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property except to the extent that such laws are inconsistent with the provisions of ORS 86.705 to 86.795, in which event the provisions of ORS 86.705 to 86.795 shall control." The frequent use of the beginning and end section numbers throughout the OTDA signals that the drafters were likely not requiring strict compliance with each provision as a condition of applying other subsections, but rather were

using numerical references to signify the statutory scheme as a whole.

The legislative history of the OTDA reinforces the conclusion that ORS 86.770(1) does not allow post-sale challenges based on a violation of each and every one of OTDA's technical requirements. Prior to the late 1950s, real estate loans in Oregon were primarily secured by mortgages. *See Niday v. GMAC Mortg., LLC*, 251 Or. App. 278, 282 (2012), *aff'd. by* 353 Or. 648 (2013). While the mortgage created a lien on the property to secure payment on the loan, the property could only be foreclosed by way of a judicial action after a lawsuit was filed. *See id.* Furthermore, even after a court issued a decree in favor of the mortgagee, the mortgagor who defaulted on the loan retained the right to satisfy the debt and redeem the property after the foreclosure sale. *See id.* Because this process was inefficient and created a cloud on the title to property, "there was a movement afoot [by the late 1950s] to streamline certain features of Oregon's mortgage laws—particularly, judicial involvement and the statutory right to redemption by borrowers and junior lienholders." *Id.* "In 1959, the legislature responded by enacting what is known as the Oregon Trust Deed Act (OTDA), ORS 86.705 to 86.795, as an alternative to the judicial foreclosure process." *Id.*

Under the OTDA, the grantor executes a promissory note and a deed of trust agreeing to pay the owed amount to the beneficiary, which gives the beneficiary a lien on the property to secure payment. *See id.* at 283. In the event of a default, the OTDA allows the trustee to foreclose the trust deed by advertisement or sale without judicial involvement, and to sell the property at an auction to the highest bidder, provided

that the necessary parties are served with the statutorily required notice. *See id.* at 282–84.

As recognized by the Oregon Court of Appeals, the "[OTDA] represents a well-coordinated statutory scheme to protect grantors from the unauthorized foreclosure and wrongful sale of property, while at the same time providing creditors with a quick and efficient remedy against a defaulting grantor . . . . [I]t confers upon a trustee the power to sell property securing an obligation under a trust deed in the event of default, without the necessity for judicial action. However, the trustee's power of sale is subject to strict statutory rules designed to protect the grantor, including provisions relating to notice and reinstatement." *Staffordshire Invs., Inc. v. Cal-Western Reconveyance Corp.*, 209 Or. App. 528, 542 (2006).

The OTDA, for example, has numerous provisions to ensure that the grantor is given ample notice of a proposed sale, and opportunity to cure any default and to challenge any potentially unlawful foreclosure, prior to the completion of any sale. *See* ORS 86.737 (describing the form and contents of the specific notice that must be given to the grantor); ORS 86.740 (listing all the potential parties, including the grantor, that may have an interest in the property to whom notice of the sale must be given 120 days before any foreclosure sale); ORS 86.745 (describing contents of the general notice); ORS 86.750 (detailing service and publication requirements of the notice of sale and requiring personal service of the notice of sale on the grantor-occupant). These provisions collectively require personal service and advanced notice which includes: listing the grantor, trustee, and beneficiary; describing the property; stating the details regarding default and the sum owing on the obligation; stating the property will be sold to

satisfy the obligation; listing the date, time, and place the property will be sold; and stating that there exists the right to cure the default, stop the sale, and reinstate the obligation and deed of trust by paying the amount then due at least five days before the sale.

While these provisions serve one purpose of the OTDA – protecting grantors from unlawful foreclosures and allowing them adequate time to cure a default prior to a foreclosure sale – ORS 86.770(1) serves another purpose of the ODTA – streamlining the process by eliminating the continuing right to redemption post-sale and bringing finality to the sale by providing creditors with an efficient remedy against defaulting grantors. *See Niday*, 251 Or. App. at 282–84; *Staffordshire Invs., Inc.*, 209 Or. App. at 542. This carefully struck balance represents the Oregon legislature's intent of streamlining the process of foreclosure while providing adequate protections to borrowers. Appellants' reading would cast aside that balance, stripping the incentive for lenders to accept trust deeds in place of mortgages and gutting the purpose of the OTDA.

In addition to the specific text of ORS 86.770(1), which reflects the legislature's intention to have finality after the foreclosure sale is completed[5], other provisions of the OTDA also reflect the importance of finality. For example, ORS 86.780 states that once a trustee's deed is recorded after the foreclosure sale, the recitals in the deed (which include

---

[5] "[T]he trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given . . . A person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale." ORS 86.770(1).

details as to the default, notice, and sale pursuant to ORS 86.750) "shall be conclusive in favor of a purchaser for value in good faith relying upon them." In addition, pursuant to ORS 86.739, even if the grantor does not receive the grantor-specific notice required by ORS 86.737, the grantor must nonetheless challenge the sale within 60 days of the purchaser taking possession of the property. Furthermore, even if the grantor challenges the sale within 60 days, the grantor only has the same rights as those of a junior lien holder who had an interest in the property and who did not receive notice of the sale. *See id.* These rights do not include the right to void the sale; rather, it allows the right to sue the trustee for damages. *See* ORS 86.739(1); ORS 86.742(1), (2), (3), and (6). Additionally, the grantor, junior lien holder, or the other interested party ordinarily must show that they had the financial ability to cure the entire amount in default prior to the trustee's sale to avoid summary dismissal of their claim. *See* 86.742(3). Taken as a whole, the legislative history of the OTDA confirms that the strict compliance reading advanced by Appellants tilts the balance sharply in favor of grantors, undercutting the purpose of the OTDA.

To give proper effect to the carefully struck balance between protecting grantors' rights and providing a streamlined process with finality, "a post-sale challenge must be based on lack of notice or on some other fundamental flaw in the foreclosure proceedings, such as the sale being completed without the borrower actually being in default." *Angels Alliance Group, LLC v. ReconTrust Co., NA*, 617 Fed.Appx. 740, 742 (9th Cir. 2015) (unpublished decision). Technical defects that do not have a substantial impact on grantors' rights – as in this case, where the

trustee's sale notice lists the wrong beneficiary[6] – are not significant enough to warrant upsetting the finality of a trustee's sale. In contrast, violations of subsections that grant substantive rights – such as the right to personal service and advance notice – can support post-sale challenges. This rule hews more closely to the intent of the Oregon legislature revealed by the context of the OTDA and the history surrounding the passage of the statute.

## Conclusion

The only defect in the foreclosure process identified by Appellants has to do with the content of the notice. The defect is the incorrect listing of the beneficiary in the notice they received. However, Appellants do not dispute that: (1) they were in default; (2) they were served in the manner required by ORS 86.740 (requiring, at a minimum, service by certified mail 120 days before the sale) and ORS 86.750 (requiring personal service on grantors who occupy the property 120 days before the sale); (3) they had no financial ability to cure the default and redeem the property; (4) they took no action to challenge the sale prior to it becoming final; and (5) they only challenged the foreclosure sale many months after the foreclosure sale was completed. Based on the foregoing, Appellants' post-sale claims are barred as their property interests have been terminated and foreclosed pursuant to ORS 86.770(1).

The District Court's dismissal is **AFFIRMED**.

---

[6] Appellees argue that a proper reading of the OTDA reveals that their notice of sale correctly lists the beneficiary. As we affirm the district court on other grounds, we do not address that issue.