NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEPHEN YAGMAN,

Plaintiff-Appellant,

v.

PAUL LEWIS GABBERT,

Defendant-Appellee.

No.   15-55904

D.C. No.
2:14-cv-06989-FMO-MAN

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted March 7, 2017
Pasadena, California

Before:  PAEZ, BERZON, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Stephen Yagman appeals the district court's dismissal of

his Racketeer Influenced and Corrupt Organizations Act ("RICO") claim without

leave to amend, and his remaining state-law claims without prejudice.  We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The district court did not err in dismissing Yagman's civil RICO claim from his First Amended Complaint. Among other defects, Yagman did not adequately allege a pattern of racketeering activity sufficient plausibly to state a civil RICO claim. *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014).

Yagman alleges in general terms, "[o]n information and belief," that the RICO enterprise's activities have occurred on many occasions "over the past 10 years," constituting "at least three separate acts." He alleges a relationship between Gabbert's "wrongful acts" in that "they evidence civil RICO predicates," but does not sufficiently elaborate on these acts or their common characteristics. Nor does Yagman plausibly allege a threat of continued criminal activity, as Gabbert withdrew from representing Yagman's interests in 2013, and the past misrepresentations Yagman alleges are insufficient to establish the requisite pattern. *See Steam Press Holdings, Inc. v. Hawaii Teamsters, Allied Workers Union, Local 996*, 302 F.3d 998, 1011 (9th Cir. 2002).

Yagman's nonspecific RICO allegations therefore cannot survive a motion to dismiss. *See Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016); *see also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557–58 (9th Cir. 2010). Because Yagman has not plausibly alleged a substantive RICO violation, his

conspiracy claim under 18 U.S.C. § 1962(d) fails as well. *See id.* at 559.

Nor did the district court abuse its discretion in denying Yagman further opportunity to amend his RICO claim. The district court permitted Yagman to amend his original complaint. Yagman made only minimal changes, and his First Amended Complaint continued to lack the facts necessary to support a RICO claim. "A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal quotation marks and citation omitted). The district court did not abuse its discretion in concluding that further amendment of the RICO claim would be futile, and thus in declining to grant Yagman further leave to amend it.

2. The district court likewise did not err in concluding that the parties lacked diversity because Yagman was domiciled in California, rather than New York, at the time he filed this lawsuit. *See Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) ("[D]omicile for purposes of diversity is determined as of the time the lawsuit is filed.").[1] "[A] person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and intends to remain there

---

[1]Yagman was not entitled to have a jury determine his domicile. *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Sinclair v. Spatocco*, 452 F.2d 1213, 1213 (9th Cir. 1971) (per curiam).

permanently or indefinitely." *Id.* at 749–50 (internal quotation marks, brackets, and citations omitted). Accordingly, "domicile includes a subjective as well as an objective component, although the subjective component may be established by objective factors." *Gaudin v. Remis*, 379 F.3d 631, 637 (9th Cir. 2004).

Several factors are relevant to the domicile inquiry, with no single factor controlling. *See Lew*, 797 F.2d at 750–52. These factors include current residence, voting information, location of property, location of brokerage and bank accounts, location of spouse and family, place of employment, driver's license and automobile registration, payment of taxes, and membership in unions or other organizations. *See id.* at 750.

"The factual determinations necessary to establish diversity jurisdiction are reviewed for clear error." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 979 (9th Cir. 2006). The district court found that several objective factors weighed in favor of California domicile and did not clearly err in doing so. Yagman does not dispute that he currently resides exclusively in California and has resided only in California since 2009. Although he has some relatives located in New York, his spouse resides in California and Florida, not New York. Yagman represents that the federal government requires him to have a bank account, which he maintains in California. Yagman has a California driver's license, which he also claims the

government requires him to have, as well as a New York driver's license, but his New York driver's license bears a California address.

Yagman's professional activities also tie him to California. Although Yagman was at one point a member of both the New York and California bars, he did not seek reinstatement in New York after his membership was suspended in 1999, but apparently did apply for reinstatement in California after a 1998 suspension. He then practiced in California for many years. After being disbarred, Yagman continued to work as a paralegal for his former law partners. Yagman contends that his work was uncompensated and did not necessarily occur in California, but the former partners for whom he worked are based in California, raising the inference that his professional activities continued to occur in that state through 2014.[2]

Yagman does have some ties to New York, including voter registration and voting until 2007, jury service until 2007, and alleged ownership of real property in New York. An order by Judge Morrow in 2005 also suggests Yagman could show New York domicile at that time. Order, ECF No. 15, *Yagman v. Markovich*, 2:05-cv-01745-MMM-PJW (C.D. Cal. June 27, 2005). But even if these facts were

---

[2]Yagman has personal property in New York, California, and Florida, so this factor is neutral with respect to domicile. Yagman also maintains he has paid no state taxes since approximately 2007.

sufficient to establish that Yagman previously was domiciled in New York, Gabbert has carried his burden to show that Yagman's domicile since has changed to California. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013). At the time this lawsuit was filed in 2014, Yagman resided only in California, and the weight of the other relevant objective factors showed "an intention to remain there indefinitely," notwithstanding Yagman's assertion to the contrary. *See Lew*, 797 F.2d at 750.

Accordingly, the district court did not err in concluding Yagman was domiciled in California and thus that the parties lacked diversity. Nor did the district court abuse its discretion in dismissing without prejudice the remainder of Yagman's state-law claims. *See Sanford*, 625 F.3d at 561.

**AFFIRMED.**[3]

---

[3]We deny as moot Yagman's requests for judicial notice.

6