NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARY H. STEELE-KLEIN,

Plaintiff-Appellant,

v.

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL 117, doing
business in Washington, headquarters,
Washington, DC; et al.,

Defendants-Appellees.

No.    14-36083

D.C. No. 2:14-cv-00553-RSM

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted May 10, 2017**
Seattle, Washington

Before:  McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

Mary Steele-Klein appeals the district court's dismissal of her complaint for

failure to state a claim without granting her leave to amend.  We review a district

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's dismissal of a complaint for failure to state a claim de novo. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010). We review a district court's denial of leave to amend for abuse of discretion. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). We have jurisdiction to hear this appeal, 28 § U.S.C. 1291, and we affirm.

**1.** The district court properly dismissed Steele-Klein's first claim, asserting that Appellees violated her First and Fourteenth Amendment rights. Steele-Klein argues that Teamsters Local 117 ("the Union") and her employer[1] failed to meet the procedural requirements the Supreme Court outlined in *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292 (1986), with regard to the mandatory contributions she, as an employee of King County Elections, was required to make to the Western Conference Teamsters Pension Trust Fund ("WCTP Trust Fund"). The *Hudson* procedural requirements apply to mandatory union dues, not to mandatory pension contributions. *See id.* at 301–03. Steele-Klein has alleged no other manner in which the mandatory contributions to the WCTP Trust Fund implicate the First or Fourteenth Amendments. Accordingly, dismissal was proper,

---

[1] Steele-Klein asserts this claim, and other claims against her "employer." Because her actual employer—King County Elections—is not a named party in this case, we construe her references to "employer" to mean Dow Constantine, the King County Executive.

because there is no cognizable legal basis for Steele-Klein's claim. *See Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016) (holding that dismissal is proper where complaint lacks "a cognizable legal theory").

Steele-Klein's two proposed amendments would not cure these legal deficiencies. First, adding the WCTP Trust Fund as a party to this suit would not change our conclusion that the *Hudson* procedural requirements do not apply to mandatory pension contributions. Second, permitting Steele-Klein to assert an entirely new claim based on wrongful retaliation in violation of the First Amendment would be futile. Neither King County nor King County Elections (Steele-Klein's employer) are currently parties or proposed parties to this suit, and Steele-Klein has not identified how Constantine, individually, retaliated against her. *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) ("[T]o establish individual liability under 42 U.S.C. § 1983, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))). The record shows that King County Elections rehired her to work another election cycle shortly after she complained about the mandatory pension contributions. We decline to grant her leave to amend, because she has failed to identify what specific additional facts she would plead to support her retaliation claim or what specific

3

parties retaliated against her. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) ("Appellants fail to state what additional facts they would plead if given leave to amend, or what additional discovery they would conduct to discover such facts. Accordingly, amendment would be futile.").

**2.** The district court properly dismissed Steele-Klein's second claim, which asserted that the Union and Dow Constantine imposed an impermissible tax burden on her and other employees. Steele-Klein never explains this "impermissible tax burden" or cites a legal basis for her claim. Because Steele-Klein fails to identify a "cognizable legal theory" and fails to explain the facts supporting that legal theory, dismissal was proper. *See Woods*, 831 F.3d at 1162. Granting leave to amend would, again, be futile, because Steele-Klein has not identified how she would articulate a cognizable legal theory if given the opportunity. *See Kendall*, 518 F.3d at 1052.

**3.** The district court properly dismissed Steele-Klein's third claim, asserting that the Union fraudulently misrepresented how it uses union dues. This claim fails to meet the heightened pleading standard found in Federal Rule of Civil Procedure 9(b). Steele-Klein has not identified the basic facts of the alleged fraudulent misrepresentation, such as what exact statements or omissions were fraudulent and when the allegedly fraudulent activity occurred. *Vess v. Ciba-Geigy*

*Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997))). Steele-Klein also has not alleged facts to support each of the nine elements of a fraudulent misrepresentation claim under Washington law. *See Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996) (en banc). For example, the complaint does not assert how the Union intended to induce reliance on its allegedly fraudulent statements, or how Steele-Klein was injured when she relied on the statements. *See id.* Because Steele-Klein has made no attempt to clarify how she would overcome these deficiencies in her complaint, we find granting leave to amend would be futile. *See Kendall*, 518 F.3d at 1052.

**4.** The district court properly dismissed Steele-Klein's fourth cause of action, asserting a claim for "theft." The district court properly construed the claim as one for the tort of conversion, because Washington does not have a civil claim for "theft." "Money may be the subject of conversion if the party charged with conversion wrongfully received the money . . . ." *Coto Settlement*, 593 F.3d at 1039. The complaint does not identify a cognizable legal basis for concluding that Appellees "wrongfully" received her wages when King County Elections deducted the mandatory contribution to the WCTP Trust Fund from her paycheck. *See*

5

*Woods*, 831 F.3d at 1162. Moreover, Steele-Klein acknowledges beginning work at King County Elections only after signing a notice of employment that explained the mandatory wage deduction for the WCTP Trust Fund, which suggests she in fact consented to such deductions. *Id.* Steele-Klein also omits any substantive discussion of this claim on appeal; therefore, any arguments for saving this claim from dismissal or amending this claim are waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**5.** The district court properly dismissed Steele-Klein's fifth claim, because there is no civil action for embezzlement under Washington law.

**AFFIRMED.**